## SWANSON *v.* MARRA BROTHERS, INC.

No. 405.   Argued February 1, 1946.—Decided April 22, 1946.

1

*Abraham E. Freedman* argued the cause for petitioner. With him on the brief was *Charles Lakatos.*

*Joseph W. Henderson* argued the cause for respondent. With him on the brief was *George M. Brodhead.*

Opinion of the Court by MR. CHIEF JUSTICE STONE, announced by MR. JUSTICE BLACK.

Petitioner, a longshoreman in the employ of respondent stevedoring company, while on a pier and engaged in loading cargo on a vessel lying alongside in the harbor of Philadelphia, was struck by a life raft which fell from the vessel and injured him. The question for decision, which was reserved in *O'Donnell* v. *Great Lakes Dredge & Dock Co.,* 318 U. S. 36, 43, 44, is whether petitioner may maintain a suit against his employer to recover for the injury, under the Jones Act, 41 Stat. 1007, 46 U. S. C. § 688.

Petitioner, after having sought and received compensation for his injury under the state employers liability

act of Pennsylvania, brought the present suit in the District Court for Eastern Pennsylvania "pursuant to the Maritime Law as modified by Section 33 of the Merchant Marine Act of 1920" (the Jones Act). He alleged as the cause of the injury respondent's breach of duty in failing to provide a safe and seaworthy vessel and appliances and a safe place for petitioner to work, and in failing to make the life raft secure and to make adequate inspection of it. The district court dismissed the complaint, holding that there could be no recovery under the Jones Act by one not a seaman for an injury suffered by him while on shore. 57 F. Supp. 456. The Court of Appeals for the Third Circuit affirmed. 149 F. 2d 646. We granted certiorari, 326 U. S. 710, because of the novelty and importance of the question presented.

The Jones Act provides in pertinent part:

> "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply . . ."

The Act thus made applicable to seamen, injured in the course of their employment, the provisions of the Federal Employers' Liability Act, 45 U. S. C. § 51 *et seq.*, which give to railroad employees a right of recovery for injuries resulting from the negligence of their employer, its agents or employees. *Panama R. Co.* v. *Johnson,* 264 U. S. 375; *The Arizona* v. *Anelich,* 298 U. S. 110, 118.

We have held that a stevedore who was injured while storing cargo, and while on but not employed by a vessel lying in navigable waters, was authorized by the Jones Act to bring suit against his employer to recover for injury caused by the employer's negligence. *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50; *Uravic* v. *Jarka*

*Co.*, 282 U. S. 234. It was thought that both the language and the policy of the Act indicated that by taking over principles of recovery already established for the employees of interstate railroads and in making them applicable in the admiralty setting, Congress intended to extend them to stevedores, the employees of an independent contractor, while working on a vessel in navigable waters and while rendering services customarily performed by seamen. *International Stevedoring Co.* v. *Haverty, supra,* 52; see *O'Donnell* v. *Great Lakes Dredge & Dock Co., supra,* 38, 39.

Petitioner, in urging that the doctrine of the *Haverty* case be extended so as to allow him to recover for his injuries sustained on shore, places his reliance on *O'Donnell* v. *Great Lakes Dredge & Dock Co., supra.* We there held the ship owner liable, under the Jones Act, for injuries caused to a seaman by a fellow servant while the former was on shore engaged in repairing a conduit which was a part of the vessel and used for discharging its cargo. But in that case we sustained the recovery because the injured person was a seaman and an employee of the vessel, engaged in the course of his employment as such. An incident to his employment by the vessel as a seaman was his right to maintenance and cure for injuries received in the course of his employment, a cause of action traditionally cognizable in admiralty. *The Osceola,* 189 U. S. 158, 175; *Calmar S. S. Corp.* v. *Taylor,* 303 U. S. 525, 527–528. The jurisdiction of admiralty over such a cause of action depends, not on the place where the injury is inflicted, compare *The Plymouth,* 3 Wall. 20; *Cleveland Terminal R. Co.* v. *Steamship Co.,* 208 U. S. 316; see *Minnie* v. *Port Huron Co.,* 295 U. S. 647; *The Admiral Peoples,* 295 U. S. 649, but on the nature of the seaman's service, his status as a member of the vessel, and his relationship as such to the vessel and its operation in navigable waters. *O'Don-*

*nell* v. *Great Lakes Dredge & Dock Co., supra,* 42–43; cf. *Calmar S. S. Corp.* v. *Taylor, supra.*

Congress, in thus enlarging an admiralty remedy, was exercising its constitutional power to regulate commerce, and to make laws which shall be necessary and proper to carry into execution powers vested by the Constitution in the Government or any department of it, Art. I, § 8, cl. 18, including the judicial power which, by Art. III, § 2, extends "to all Cases of admiralty and maritime Jurisdiction." By § 9 of the Judiciary Act of 1789, 1 Stat. 76, 28 U. S. C. § 371, (Third), Congress conferred on the district courts "exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it . . ." By the grant of admiralty and maritime jurisdiction in the Judiciary Article, and by § 9 of the Judiciary Act, the national Government took over the traditional body of rules, precepts and practices known to lawyers and legislators as the maritime law, so far as the courts invested with admiralty jurisdiction should accept and apply them. See *O'Donnell* v. *Great Lakes Dredge & Dock Co., supra,* 40, and cases cited.

We have no occasion to consider here whether Congress, by the Jones Act, undertook to or could give a remedy against the employer for injuries caused by a vessel to his employees, not members of the crew of the vessel, while working on shore. For Congress, by later legislation, has expressed its purpose to restrict the liability of the employer under federal statutes to injuries to his employees occurring on navigable waters or inflicted upon an employee who is either a master or a member of a crew of the vessel, injured in the course of his employment as such.

Within six months after the decision in the *Haverty* case and nearly sixteen years before our decision in the *O'Donnell* case, Congress enacted the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U. S. C. § 901 *et seq.,* which gave a remedy against employers by way of compensation for disability or death suffered on navigable waters by any employee not a "master or member of a crew of any vessel." § 903. The liability of employers to pay the prescribed compensation is, by § 905, made "exclusive and in place of all other liability of such employer to the employee," his legal representative and any other person entitled to recover damages "at law or in admiralty" from the employer for the injury or death. By § 903 (a) (1) recovery may be had under the Act only "if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

The Act both imposes liability on the employer for injuries on navigable waters to employees not including the master or members of a crew of a vessel, and makes the prescribed liability to employees within the coverage of the Act exclusive. The Act thus excludes from its benefits stevedores not members of the crew who are injured on navigable waters from recovering under the Jones Act as interpreted by the *Haverty* case. Those provisions make it plain that Congress' own interpretation of the Jones Act is such as to preclude the extension of the doctrine of that case to the specified employees injured on land.

We can hardly suppose that Congress, while explicitly denying a right of recovery under the Jones Act to maritime workers not members of a crew who are injured on board a vessel, either thought that the Jones Act extended to injuries inflicted on shore to employees not members of a crew, see *State Industrial Commission* v. *Nordenholt Corp.,* 259 U. S. 263, 273; *Smith & Son* v. *Taylor,* 276 U. S.

179, or intended that there should be established for such workers injured on shore, by extension of the doctrine of the *Haverty* case, a right of recovery which it at the same time withdrew from such workers when injured on navigable waters. The Senate Judiciary Committee, in recommending the legislation which became the Longshoremen's and Harbor Workers' Compensation Act, expressed doubt as to the constitutional power of Congress to give recovery to such employees injured on shore, saying "These men are mainly employed in loading, unloading, refitting, and repairing ships; but it should be remarked that injuries occurring in loading or unloading are not covered unless they occur on the ship or between the wharf and the ship so as to bring them within the maritime jurisdiction of the United States." Sen. Rep. No. 973, 69th Cong., 1st Sess., p. 16. Cf. *Cleveland Terminal R. Co.* v. *Steamship Co., supra; The Admiral Peoples, supra.*

We must take it that the effect of these provisions of the Longshoremen's Act is to confine the benefits of the Jones Act to the members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery recognized by the *Haverty* case only such rights to compensation as are given by the Longshoremen's Act. But since this Act is restricted to compensation for injuries occurring on navigable waters, it excludes from its own terms and from the Jones Act any remedies against the employer for injuries inflicted on shore. The Act leaves the injured employees in such cases to pursue the remedies afforded by the local law, which this Court has often held permits recovery against the employer for injuries inflicted by land torts on his employees who are not members of the crew of a vessel. *State Industrial Commission* v. *Nordenholt Corp., supra; Smith & Son* v. *Taylor, supra;* cf. *Minnie* v. *Port Huron Co., supra.* And it leaves unaf-

fected the rights of members of the crew of a vessel to recover under the Jones Act when injured while pursuing their maritime employment whether on board, *Warner* v. *Goltra*, 293 U. S. 155; *Norton* v. *Warner Co.*, 321 U. S. 565; see *South Chicago Co.* v. *Bassett*, 309 U. S. 251, 255-6, or on shore. *O'Donnell* v. *Great Lakes Dredge & Dock Co., supra.*

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.