### FINNIE v. PITTSBURGH COAL CO. et al.
### No. 185.

United States District Court,
W. D. Pennsylvania.

June 6, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for petitioner.

Harold R. Schmidt and Rose, Eichenauer & Rose, all of Pittsburgh, Pa., for respondents.

McVICAR, District Judge.

This case was brought in Admiralty to recover damages for injuries sustained by plaintiff on November 17, 1948 while working as a repairman on a barge at the landing and marine ways on the Monongahela River near Elizabeth, Pennsylvania. The Libel and Complaint filed in Admiralty alleges that jurisdiction of this Court attaches under Section 33 of the Merchant Marine Act of 1920, 41 Stat. 1007, 46 U.S.C.A. § 688 et seq., commonly known as the Jones Act, and under the admiralty and maritime laws of the United States.

Defendants filed peremptory exceptions to the Libel and Complaint, averring that the Libel as filed did not state a cause of action either within the admiralty and maritime jurisdiction of this Court or within Section 33 of the Merchant Marine Act of 1920. Defendants further alleged in exceptive allegations that on December 17, 1948 plaintiff entered into an agreement for compensation under the Pennsylvania State Workmen's Compensation Act of 1915, P. L. 736, 77 P.S. § 1 et seq., under which plaintiff was paid the sum of $20 per week from November 24, 1948 until September 30, 1949, a total sum of $888.57, for the injuries complained of in the Libel herein. (Plaintiff denies signing the agreement.) The grounds for defendants' allegation of the lack of jurisdiction, as stated in the peremptory exceptions, are that the libel fails to show that plaintiff was a member of the crew of a vessel, or that he was an employee on a vessel engaged in navigation, or on board a vessel in aid of its navigation.

The facts may be stated briefly. Plaintiff, whose duties were to help load, inspect, and repair vessels and barges moored at the dock, was repairing iron on a barge moored at the landing dock on the Monongahela River near Elizabeth, Pennsylvania, and when the tool with which he was working slipped, he lost his footing and fell into an adjacent barge, injuring several parts of his body. The barge had previously been in navigation and was only temporarily moored at the dock. Plaintiff's only relationship to the barge was as repairman during that particular time.

Under the authority of Swanson v. Marra Bros., 1945, 328 U.S. 1, 66 S.Ct. 869, 90 L. Ed. 1045, there is no jurisdiction to entertain a suit for damages in this Court, either under Section 33 of the Merchant Marine Act, supra, or under the general maritime and admiralty laws. In the Swanson case, the Court held that only members of the crew of a vessel plying in navigable waters could avail themselves of the Jones Act, in view of the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq. The language of Section 905 of that Act makes it clear that when liability does arise it excludes all other liability of the employer either at law or in admiralty. "§ 905. Exclusiveness of liability. The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer *at law or in admiralty* on account of such injury or death, * * *." (Emphasis added.)

It cannot be said that plaintiff was a member of the crew of a vessel when, as here, the only connection he had with the barge was the casual contact of a repairman. Lacking was the more or less permanent connection with the vessel such as existed in Norton v. Warner Co., 1944, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430, where the bargeman was a caretaker living on board who had sole charge of the vessel and was responsible for aiding in its navigation. For other cases stating that repairmen working under temporary local conditions were not members of the crew, see Carumbo v. Cape Cod S. S. Co., 1 Cir., 1941, 123 F.2d 991; Maryland Casualty Co. v. Lawson, 5 Cir., 1938, 94 F.2d 190; Taylor v. McManigal, 6 Cir., 1937, 89 F.2d 583.

Plaintiff cites the "twilight zone" doctrine enunciated in Davis v. Department of Labor and Industries of the State of Washington, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, to support his contention that a presumption would operate in favor of the jurisdiction of the forum which the suitor had selected. The Davis case did not involve the question of whether the Jones Act was applicable. The question there was whether the State or the Federal Compensation Act applied, and the "twilight zone" was a term used in reference to the types of employment which are difficult to classify as being clearly within one or the other of the compensation acts. Since the question of whether plaintiff in the instant case is covered by the State or by the Federal Compensation Act is not before this Court, the Davis case is not germane.

Defendants' exceptions are sustained.