**POSAVEC v. MERRITT–CHAPMAN & SCOTT CORP. et al.**

**THE CONCRETE PLANT NO. 8.**

**No. 168–163.**

United States District Court
S. D. New York.

July 24, 1952.

Atkins & Weymar, New York City, and Compton & Handler, Harrisburg, Pa., for libellant.

Galli & Locker, New York City, for claimant-respondent.

KNOX, Chief Judge.

In this suit, libellant, as administrator of the estate of his son, John J. Posavec, seeks to recover damages for the personal injuries and death that came to the decedent on the early morning of May 10, 1950.

Merritt-Chapman & Scott Corporation, at that time, was the owner of a barge known as "Concrete Plant No. 8". It was then being used in connection with the erection of a bridge across a portion of Chesapeake Bay, within the State of Maryland.

On the night before the accident, the hoppers of the barge were loaded with some two hundred tons of gravel and sand which were to be utilized in the manufac-

ture of cement on the following day. According to the libel, this caused the barge to become unstable and top-heavy with the result that, some hours later, the craft capsized, and caused the death of libellant's son.

Young Posavec was employed by respondent as a night watchman on board Concrete Plant No. 8. He boarded the barge each night and left it the following morning. His chief responsibility was, if anything untoward should occur while he was on duty, to telephone to some one who occupied an engineer's shack on shore. The barge was without motive power and, upon occasions when it was towed, decedent had nothing to do with its navigation. At the time of the accident the barge was at anchorage nearby the bridge that was being constructed and there is nothing in the papers before me which in any way indicates that decedent was a seaman.

■■ Nevertheless, libellant's first cause of action is based upon the Jones Act, 46 U.S.C.A. § 688. This statute, as it has been interpreted by the courts, is applicable only to those persons who are officers or the members of a crew of a vessel that operates on navigable waters. Swanson v. Marra Brothers, 328 U.S. 1, 7, 66 S.Ct. 869, 90 L.Ed. 1045. While the word "crew" does not have "an absolutely unvarying legal significance", South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 258, 60 S.Ct. 544, 548, 84 L.Ed. 732, certain employees are definitely outside that classification. A significant factor in this case, as stated in Desper v. Starved Rock Ferry Co., 7 Cir., 188 F.2d 177, 182, is that decedent did not live on board Concrete Plant No. 8, which was without either sleeping or cooking facilities. In addition, decedent was not subject to the discipline of a ship's company. In my opinion he was not a person who was within the protection of the Jones Act.

Libellant's second cause of action is based upon the Maryland Death Statute, Article 67, 1939 Code of Maryland. This law affords a remedy to an administrator or executor against a party who would have been liable to the decedent if he had not died.

The third cause of action is for funeral expenses. This, in a proper case, is authorized by Article 93, Section 109 of the 1939 Code of Maryland.

The answer of Merritt-Chapman & Scott Corporation, respondent, and as claimant of the barge, in addition to a general denial of libellant's allegations, sets up the following special defenses:

(1) That at the time of the accident a Workmen's Compensation Statute, Code Supp.1947, art. 101, was in full force and effect in the State of Maryland; that claimant-respondent had duly secured the payment of compensation to its employees, including the decedent; and that the sole remedy against claimant-respondent for young Posavec's injuries and death is such compensation as is provided under and by virtue of the said compensation statute.

(2) That, in the event it should be adjudged and decreed that at the time and place set forth in the libel the deceased sustained accidental injuries thereafter resulting in death on navigable waters of the United States and while engaged in the course of employment in a maritime employment, the claimant-respondent will claim the benefits of the United States Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq.; and

(3) That any injuries sustained by and the death of John J. Posavec were occasioned without the privity or knowledge of claimant-respondent; that the amount of damages alleged in the libel greatly exceeds the value of claimant-respondent's interest in the barge "Concrete Plant No. 8", and accordingly claimant-respondent will invoke the benefits and exemptions of the limitation of liability provisions of the United States statutes.

As respects this latter defense, little if anything need be said. The barge, Concrete Plant No. 8, so far as appears, is not within the jurisdiction of this court. Should she subsequently be within this district, there is every reason to believe that claimant-respondent may properly seek the advantages provided by the limitation of liability statute.

In connection with libellant's second and third alleged causes of action, and claim-

ant-respondent's contention that libellant's claims fall within the provisions of the Workmen's Compensation Act of Maryland, the court, at this time, is unable to make a definite ruling. The statute has to do only with employments that are extra-hazardous. Section 20 of Article 101 of the 1947 Maryland Code specifically lists about forty-five categories of employments that the legislature of Maryland recognizes as being extra-hazardous. Posavec, as a barge watchman, in terms at least, would fall within none of them.

However, the language of paragraph 46 of Section 20 reads as follows: "In addition to the employments set out in the preceding paragraphs, this Article is intended to apply to all extra-hazardous employments not specifically enumerated herein, and to all work of an extra-hazardous nature." It follows that the matter as to whether decedent's employment as a barge watchman was or was not of an extra-hazardous nature involves a question of fact which, upon the present record, cannot be resolved. The location of the barge, the dangers to which it was subjected, together with other considerations as to which there is no present proof would, I should assume, be pertinent points of inquiry upon the trial of the issues.

So far as claimant-respondent's reliance on the provisions of the United States Longshoremen's and Harbor Workers' Act is concerned, I entertain the belief that it is without substance. Several courts have ruled that construction work of the type involved in this case is local in nature. While its performance may be an indirect aid to navigation and commerce, it is not, basically, of a maritime quality. Maritime employment connotes service which relates directly to the actual business of navigation. The construction work here involved was not a part of any undertaking to carry on trade, commerce or transportation on public waters. Massman Construction Co. v. Bassett, D.C., 30 F.Supp. 813, 815.

As a matter of fact, the brief of claimant-respondent states, "The work being carried on, to wit, the erection of the bridge, was work of mere local concern, and in no way involved navigation on navigable waters." The effect of this admission is to destroy the defense having to do with the United States Longshoremen's and Harbor Workers' Act.

Libellant's first cause of action, together with respondent's defense based upon the Longshoremen's and Harbor Workers' Act will be dismissed.