Edward RAINES.

v.

JOHN I. HAY COMPANY.

No. 59 C 1532.

United States District Court
N. D. Illinois, E. D.

Feb. 18, 1960.

Arthur S. Gomberg, Chicago, Ill., for plaintiff.

Bradley, Pipin, Vetter & Eaton, Chicago, Ill., for defendant.

LA BUY, District Judge.

Plaintiff, a longshoreman employed by Maritime Service, Inc., was allegedly injured on board a barge owned by defendant while he was unloading bags of sugar therefrom. This suit was filed two years, seven months, and one day after the occurrence.

The defendant vessel owner has moved to dismiss both counts of the complaint for the reason that the action is barred by the Illinois statute of limitations re-quiring actions for personal injuries to be brought within two years.

Count I of the complaint is brought pursuant to the Jones Act, 46 U.S.C.A. § 688, which permits an action to be brought within three years. Count II of the complaint alleges defendant's failure to provide a seaworthy vessel with proper appliances in good order and condition.

The litigants are in basic disagreement as to the right of a longshoreman injured on board a vessel in navigable waters to premise his right to recovery for negligence of the shipowner, not his employer, under the Jones Act. It is plaintiff's contention that the Jones Act gives a right of action to any "seaman" and that a longshoreman has been held to be a seaman within the Act. International Stevedoring Co. v. Haverty, 1926, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157; Uravic v. F. Jarka Co., 1930, 282 U.S. 234, 51 S.Ct. 111, 75 L.Ed. 312. It is defendant's contention that the enactment of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901, et seq., subsequent to the Haverty decision, operated to confine the benefits of the Jones Act to members of the crew of a vessel and to substitute for the right of recovery of a longshoreman, previously recognized under the Haverty decision, only such rights to compensation as are given by the Longshoremen's Act; that the plaintiff longshoreman was not a member of the crew of a vessel and was not an employee of the vessel owner.

It appears clear to the court that an action under the Jones Act must as a condition to recovery be based upon the conventional relationship of employee-employer. That this relationship must exist is borne out by the Haverty and Jarka cases, supra, for in each the longshoreman, injured on board the vessel, sued his employer and not the shipowner. The application of the Jones Act to these situations commenced on the unquestioned premise that there existed a master and servant relationship. The effect of Haverty was to encompass within the phrase "any seaman

708

who shall suffer * * * injury in the course of his employment" a stevedore, who though not commonly considered to be a seaman, was declared to be within the policy of Congress declared in the Jones Act to protect men engaged in maritime duties whether such men be employees of the owner of the ship or employees of a stevedore who are performing maritime work; and that the Jones Act should be extended to a stevedore employed by a stevedore company when his injuries are sustained on navigable waters and in the performance of maritime work.

In Swanson v. Marra Bros., 1946, 328 U.S. 1, 66 S.Ct. 869, 872, 90 L.Ed. 1045, a stevedore brought suit against his employer, the stevedore company, under the Jones Act for injuries suffered on shore and not on the vessel. The Longshoremen's Act covered only injuries incurred on navigable waters and consequently did not cover the situation; the Jones Act covered only members of the crew of a vessel performing maritime employment whether on board a vessel or on shore. However, the court held that both acts precluded recovery against the employer for injuries suffered on shore because the plaintiff was not a "member of the crew of a vessel" within the Jones Act, and he was not injured on navigable waters within the Longshoremen's Act; that therefore his remedy was confined to that provided by local law.

In Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, a longshoreman brought suit against the vessel owner, not his employer. The complaint was not brought under the Jones Act, but upon the right to recover for breach of the obligation of seaworthiness which is "rooted in federal maritime law". In Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 205, 98 L.Ed. 143, a ship's carpenter sued the shipowner, who was not his employer. The action was not brought under the Jones Act but pursuant to federal maritime law which imposes a duty upon the owner of a vessel to provide a seaworthy vessel, not only to his employees but to others as well. See also Court of Appeals opinion in Palermo v. Luckenbach S. S. Co., 2 Cir., 1957, 246 F.2d 557, reversed on other grounds 355 U.S. 20, 78 S.Ct. 1, 2 L.Ed.2d 3.

The court is of the opinion that although longshoremen are entitled to the protection which flows from the shipowner's obligation of seaworthiness, there is no abrogation of the rule that a Jones Act suit for negligence applies only where the relationship of employer and employee exists.

It follows from the Sieracki and Hawn cases, supra, that plaintiff's claim for breach of the duty to provide a seaworthy vessel as alleged in Count II does state a claim under the federal maritime law. Being a suit in admiralty, the issue of delay in bringing suit is determined by the application of the doctrine of laches. The question of laches should not be "measured by strict application of statutes of limitations". Czaplicki v. The Hoegh Silvercloud, 1955, 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387. In that case, the Supreme Court of the United States said:

" * * * This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without first considering all the circumstances bearing on the issue."

Plaintiff has the burden of showing those facts which negative the delay and should be given the opportunity to meet that burden at the trial of this cause.

An order has this day been entered dismissing Count I of plaintiff's complaint for failure to state a claim under the Jones Act; and overruling defendant's motion to dismiss Count II of said complaint.