Lillian CARLSON, as Special Administratrix of the Estate of John H. Carlson, deceased, Plaintiff,

v.

LAKE SUPERIOR PILOTS ASSOCIATION, INC., a Minnesota corporation, Defendant.

Civ. No. 5-60-111.

United States District Court
D. Minnesota,
Fifth Division.

Oct. 30, 1961.

K. C. Weyl, Duluth, Minn., for defendant, in support of motion.

W. O. Bissonett, Duluth, Minn., for plaintiff, in opposition to motion.

DONOVAN, Judge.

The above-entitled matter came on for hearing before the undersigned, one of the Judges of the above-named Court, at a Special Term thereof, at Duluth, Minnesota, on the 6th day of October, 1961, upon the motion of defendant for an order granting summary judgment in favor of defendant.

This action was brought under the Merchant Marine Act of 1920, also known as the Jones Act.[1] Plaintiff is the Special Administratrix of the estate of John H. Carlson, deceased, and brings this action on behalf of herself as surviving spouse and her daughters for damages arising out of the death of John H. Carlson.

Plaintiff alleges that on or about November 3, 1960 plaintiff's decedent, John H. Carlson, was employed by defendant, a corporation, as a pilot on the Great Lakes, and that on said date decedent was assigned by defendant to pilot a Norwegian freighter from Lake Superior to a point on Lake Huron. Further, that defendant furnished a pilot boat which transported decedent to the freighter and that in attempting to board the freighter, decedent fell into the water and drowned. Plaintiff alleges that decedent's death was caused by the negligence of the defendant, through its agents, and claims damages in the sum of $100,000.

Defendant answered, pleading by general denial, that plaintiff and defendant were at all times subject to and within the purview of either the Longshoremen's and Harbor Workers' Compensation Act,[2] or the Michigan Workmen's Compensation Law, Comp. Laws 1948, § 411.1 et seq., and, further, that since plaintiff's decedent was not employed by defendant as a master or a member of a crew of any vessel, plaintiff is not entitled to maintain this action under the Jones Act.

Defendant made a motion, which is now before the Court, for an Order granting summary judgment in favor of defendant upon the ground that there is no genuine issue as to any material fact, and further upon the ground that the files and proceedings, including the pleadings and depositions, show that as a matter of law any obligation of defendant to plaintiff is governed by the applicable Compensation Acts and that plaintiff is not entitled to maintain this action under the Jones Act.

The question before the Court is whether plaintiff is entitled to bring this action under the Jones Act. A determination of this question rests upon a determination of whether plaintiff's decedent, at the time of his death, was employed as a "seaman" within the meaning of the Jones Act. The United States Supreme Court has held that the benefits of the Jones Act are restricted to members of a crew of a vessel,[3] " * * * with

1. 46 U.S.C.A. § 688.

2. 33 U.S.C.A. § 901 et seq.

3. Swanson v. Marra Bros., 328 U.S. 1, 90 L.Ed. 1045, 66 S.Ct. 869, 872; Senko

the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *." (See 46 U.S.C.A. § 688.) Therefore, the question resolves itself into whether or not plaintiff's decedent, at the time of his death, was a "member of a crew of a vessel," and the relationship of defendant or its agents thereto. These are fact questions for determination by a jury.[4]

Plaintiff asserts, in answer to interrogatories submitted by defendant, that plaintiff's decedent was a member of the crew of the pilot boat at the time of his death, and further, that the pilot boat was owned or operated by defendant or defendant's agent.[5] An examination of the files and proceedings, including pleadings and depositions, does not indicate, without further facts, that as a matter of law plaintiff was not a "member of a crew of a vessel" and is not entitled to bring this action under the Jones Act.

In light of the foregoing, the Court is not persuaded of the absence of a genuine fact issue in the instant case. The Court of Appeals for the Eighth Circuit has time and again held that a motion for summary judgment is an extreme remedy to be issued only in the absence of a genuine material fact issue, and that the field to be explored on the motion is a very narrow one which places the burden of demonstrating the nonexistence of any genuine fact issue upon the moving party, and requires that all doubt be resolved in favor of the party defending against the motion.[6]

Defendant's motion for summary judgment is therefore denied.

It is so ordered.

An exception is allowed the defendant.

---

v. La Crosse Dredging Corp., 352 U.S. 370, 371, 1 L.Ed.2d 404, 77 S.Ct. 415, 416.

4. Senko v. La Crosse Dredging Corp., supra; Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670; Schantz v. American Dredging Co., 3 Cir., 138 F. 2d 534; Gahagan Const. Corporation v. Armao, 1 Cir., 165 F.2d 301; Collette v. Zenith Dredge Co., D.C.Minn., 11 F.R.D. 594.

5. Sinkler v. Missouri Pacific R. Co., 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799.

6. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853.