DRESSER INDUSTRIES, INC.,
Plaintiff-Appellee,

v.

The FIDELITY AND CASUALTY
COMPANY OF NEW YORK,
Defendant-Appellant.

No. 78–1526
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1978.

Rehearing Denied Oct. 17, 1978.

Thomas A. Brown, Houston, Tex., for defendant-appellant.

Eastham, Watson, Dale & Forney, Joseph Newton, Houston, Tex., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

On November 14, 1974, the *Magcobar Meteor*, a diesel supply vessel owned by appellee Dresser Industries, collided with the *Ranger I*, a self-elevating offshore drilling unit. Although the *Ranger I* was capable of navigation, at the time of the collision, the drilling platform of the *Ranger I* was jacked up to a position forty feet above the surface of the ocean and was resting on supports embedded in the ocean floor. As a result of that collision, appellee paid the owner of the *Ranger I* $214,072.38 to compensate for the damage to the drilling unit. Appellee then sought reimbursement from appellant Fidelity and Casualty Co. of New York, which had issued a policy insuring the *Magcobar Meteor* against liability in the event of a collision. Under the terms of the policy, a $100,000 deductible applied if the *Meteor* collided with a fixed object, and a

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

$200,000 deductible controlled if the collision were with another vessel. Fidelity paid $14,072.38 in settlement of the claim, asserting that the *Ranger I* was a vessel and that the $200,000 deductible applied. Dresser claimed that the *Ranger I* was a fixed structure and brought suit under 28 U.S.C. § 1333(1) to recover the difference between the deductibles. The case was submitted to the district court on a stipulation of facts, and the court entered judgment in favor of Dresser. We affirm.

■ Appellant contends that the district court erred in finding that the *Ranger I* was not a vessel under the provisions of the policy. At the outset, we must note that this court can overturn a finding of fact entered by a district court only if that finding is clearly erroneous. *Ealy v. Littlejohn*, 569 F.2d 219, 229 n.31 (5th Cir. 1978). A finding of fact is clearly erroneous "when the reviewing court, after examining the entire record, is left with a 'definite and firm conviction that a mistake has been committed by the district court'." *Mercer v. C. A. Roberts Co.*, 570 F.2d 1232, 1236 n.5 (5th Cir. 1978).

■ Fidelity asserts that since the *Ranger I* was capable of navigation, it was a vessel for all purposes, even though at the time of the accident the drilling platform was fixed to the ocean floor. As support for its position, appellant principally relies on a number of Jones Act cases construing the word "vessel" to include drilling rigs similar to the *Ranger I*. *Hicks v. ODECO*, 512 F.2d 817 (5th Cir. 1975); *Marine Drilling Co. v. Autin*, 363 F.2d 579 (5th Cir. 1966); *Offshore Co. v. Robison*, 266 F.2d 769 (5th Cir. 1959). Fidelity contends that the Jones Act definition is controlling here.

The word "vessel" has been given a number of different definitions, depending upon the context in which it is used. *E. g.*, M. Norris, The Law of Salvage § 35 (1958); G. Robinson, Handbook of Admiralty Law § 8 (1939). The United States Code contains several definitions of "vessel," each for different purposes and with varying shades of meaning. *E. g.*, 1 U.S.C. § 3 (general definition); 46 U.S.C. § 170 (defined for purposes of regulating carriage of explosive or dangerous substances on board vessels); 46 U.S.C. § 713 (defined as part of statute regulating conduct of merchant seamen); 46 U.S.C. § 1271 (defined in context of Federal Ship Mortgage Insurance). No single definition is pervasive in admiralty and maritime law.

Although the Jones Act definition could conceivably be applied in some maritime insurance contract situations, there are persuasive reasons for refusing to follow that definition here. Congress passed the Jones Act, 46 U.S.C. § 688, to provide tort remedies for injured seamen, but the Jones Act remedies have been extended only to crew members of vessels. *Swanson v. Marra Bros., Inc.*, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). The courts have accorded an extremely liberal interpretation to the provisions of the Jones Act in order to provide remedies to a broad class of seamen. *See Offshore Co. v. Robinson*, 266 F.2d 769, 774 (5th Cir. 1959). When confronted with the argument that Jones Act remedies were unavailable to seamen working on navigable drilling platforms both when they were actually being navigated and when fixed, the courts applied these liberal rules of construction and held that such dual function drilling rigs were vessels within the meaning of the Act. *Id.*

The rationale mandating liberal interpretation of the Jones Act is inapplicable here; appellant is not an injured seaman. Moreover, the terms of the insurance policy support the findings of the district court. The contract of insurance between Fidelity and Dresser implicitly recognized that the risk of collision between an ocean-going vessel and another ship was greater than the risk of the vessel colliding with a fixed structure; the policy provided for a lower deductible in the latter situation. The collision between the *Magcobar Meteor* and the *Ranger I* occurred while the *Ranger* was fixed to the ocean floor. Thus, the accident represented a risk of collision with a stationary object and should have been governed by the lower deductible. In light of all the relevant facts, the findings of the district court were not clearly erroneous.

AFFIRMED.