OPINION
Appellant, Daniel L. Schivitz, appeals the judgment entry by the Mentor Municipal Court, dated November 18, 1999, denying his motion to suppress.
Appellant was arrested on May 21, 1999, for possession of marijuana and disorderly conduct. The city of Mentor Police Department, in the course of investigating a complaint of a loud party, noticed a bonfire in the vicinity of appellant's backyard. Patrolman Kloski and Patrolman Miecznikowski entered appellant's backyard believing the bonfire violated a local ordinance. As Patrolman Kloski approached the bonfire, appellant turned quickly away and reached into his waistband. Patrolman Kloski made several requests for appellant to show his hands. Appellant refused to do so. When appellant finally did turn around, there was a bulge in his pants. Patrolman Kloski asked appellant if he was concealing a weapon. Appellant replied that he was not concealing a weapon, but refused to elaborate. Patrolman Kloski grabbed appellant's left arm, and Patrolman Miecznikowski grabbed his right arm. After a struggle, appellant was handcuffed. When appellant was subdued, the police discovered that the bulge was a plastic bag containing marijuana.
On June 28, 1999, pursuant to Crim.R. 12(B)(3), appellant moved to suppress all physical and testimonial evidence that the state intended to use at trial on the grounds that it was the fruit of an unconstitutional search and seizure. A suppression hearing was held on July 26, 1999. Appellant's motion to suppress was overruled on August 26. On September 7, 1999, appellant entered a plea of no contest to the charge of possession of marijuana, reserving his right to appeal.
Appellant has filed a timely appeal and asserts the following assignments of error:
 "[1.] The trial court erred in denying appellant's Motion to Suppress Evidence, thereby violating appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14, of the Ohio Constitution for the reason that the basis of the trial court's conclusion in overruling the Motion to Suppress was premised upon an improper application of the `reasonableness' of a protective search and of the constitutional principle which protects American citizens from unreasonable searches and seizures.
 "[2.] The trial court erred to the prejudice of [appellant] by increasing [appellant's] sentence for informing the court of his intent to file an appeal and by making statements which demonstrated that the trial court could not impartially consider [appellant's] sentence and by conducting the judicial proceeding in a manner such that the integrity and independence of the judiciary was not preserved."
In his first assignment of error, appellant makes two arguments: first, that the bonfire violation did not justify the police entering appellant's backyard; and second, that the protective search of appellant by the police was not reasonable under the circumstances.
In justifying the search or seizure of an individual, the "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968), 328 U.S. 1, 21. In assessing whether the intrusion was warranted, "* * * it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Id. at 21-22. "An inarticulate hunch or suspicion is not enough. The officer must have a reasonable belief and specific facts upon which a reasonable suspicion could be based that appellant was violating or about to violate the law." Mentor v. Webb (June 30, 1993), Lake App. 92-L-158, unreported, at 2, 1993 WL 262561.
In this case, the police had a valid reason to enter appellant's backyard due to the presence of what they believed was an illegal bonfire. Patrolman Kloski testified, at the suppression hearing, that large bonfires are not permitted in the city of Mentor. Patrolman Kloski further testified that the bonfire was visible from the street as he drove past appellant's home. In view of his testimony, this court holds that Patrolman Kloski identified specific facts, which led to a reasonable belief on his part, that appellant was violating the law.
Furthermore, appellant had no legitimate expectation of privacy with respect to the area in which he had built the bonfire. The "open fields" doctrine "provides that one does not have a legitimate expectation of privacy in open fields beyond the curtilage. Oliver v. United States
(1984), 466 U.S. 170, 178 * * *. Curtilage is the area immediately surrounding a dwelling. United States v. Dunn (1987), 480 U.S. 294, 300
* * *." (Parallel citations omitted.) State v. Sheets (1996),112 Ohio App.3d 1, 7.
In the instant case, appellant testified that the bonfire that the police were investigating was located on property adjacent to his backyard, thirty to forty feet from his property. Clearly, appellant could not have any expectation of privacy with respect to property that he did not own.
Once an individual has been legitimately detained, "a police officer is permitted under certain circumstances to conduct a limited protective search of a detainee's person for concealed weapons." State v. Kish
(Nov. 5, 1999), Lake App. No. 98-L-148, unreported, at 4, 1999 Ohio App. LEXIS 5236, citing State v. Evans (1993), 67 Ohio St.3d 405, 408. "The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence. * * *" Mentor v. Fedor (Sept. 15, 2000), Lake App. 99-L-166, unreported, at 3, 2000 Ohio App. LEXIS 4213. Prior to conducting a protective search for weapons, the police officer must have a reasonable belief that the individual is armed and dangerous. Terry, 392 U.S. at 27.
When appellant became aware of the police presence, he immediately turned his back to the officers and reached into his waistband. Patrolman Kloski asked appellant to turn around, but appellant refused. When appellant finally turned around, Patrolman Kloski noticed a bulge in appellant's pants, which he believed might be a weapon. Two of appellant's friends testified, at the suppression hearing, that Patrolman Kloski indicated at the time that he believed the bulge was a weapon. When Patrolman Kloski asked appellant to identify the source of the bulge, appellant refused. Under those circumstances, Patrolman Kloski had a reasonable belief that appellant was armed and was fully justified in conducting a protective search of appellant. When appellant resisted Patrolman Kloski's efforts to conduct a protective search for weapons, appellant was placed under arrest.
In order for a person to be under arrest, it is not necessary for the police to tell him he is under arrest; "[i]f one is deprived of his movement by the state, he is in custody and under arrest, if he could not have attempted to leave." State v. Maurer (1984), 15 Ohio St.3d 239,255-256, citing Dunaway v. New York (1979), 442 U.S. 200. "An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." State v.Darrah (1980), 64 Ohio St.2d 22, 26, citing State v. Terry (1966),5 Ohio App.2d 122, 128. At the suppression hearing, Patrolman Kloski testified that appellant was wrestled to the ground and handcuffed. By the time appellant had been handcuffed, the four requisite elements of an arrest, as set forth above, had been fulfilled.
Once a person is under arrest, "[o]fficers may perform a full search of an arrestee's person regardless of the offense prompting the arrest."State v. Jones (2000), 88 Ohio St.3d 430, 439, citing United States v.Robinson (1973), 414 U.S. 218. Since appellant was under arrest, the police had a right to conduct a full search of his person. Patrolman Kloski testified: "We finally pull (sic) [appellant's] left arm from behind his back, handcuffed him, stood him up and that's when we revealed a green vegetable matter within a Ziploc baggy, which was inside a plastic grocery bag, all within his pants." Clearly, appellant was under arrest at the time that the police found the baggy containing marijuana on his person. Therefore, the search that uncovered the marijuana was lawful. For the foregoing reasons, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant raises the issue of whether it was an abuse of discretion for the trial judge to increase appellant's sentence for the sole reason that appellant reserved his right to appeal the court's denial of his motion to suppress. The following exchange occurred at appellant's sentencing hearing:
 "[Mr. Gornik:] * * * I also want you to know, your Honor, that during the arraignment [appellant] was told and was under the impression that if he plead (sic) no contest to these charges, that the sentence would be five days and a $250.00 fine; and also [appellant] would like to plead no contest and preserve his right to appeal.
"The Court: Okay.
"Mr. Gornik: Thank you, your Honor.
 "The Court: Fine will be $250 and costs, 30 days of jail.
 "I was going to give him the opportunity for 45 days of home arrest with work release, but seeing that you want to preserve appeals and so forth, which is fine with me, I'll do what I was originally going to do.
"So 30 days in jail with work release.
 "Mr. Gornik: Your Honor, you're saying that 45 days of home arrest rather than 30 days of jail; is that what you're saying?
 "The Court: Well, that's what I was going to say, but, you know, that was after listening; however, you want to preserve your right, that's fine. I just assume go with what I was originally going to do.
"* * *
 "Mr. Gornik: Okay. I'm not clear how his request that he be able to appeal affects his sentence, your Honor.
 "The Court: Well, because I don't want to go through with it if it's if that's the reason for making, you know, changes, I just assume go with my original recommendation was based on a second drug offense.
"Mr. Gornik: All right, your Honor, —
 "The Court: So, you know, if he wants to preserve his right, that's fine, then I'll just go with what I was going to do."
From the transcript, it appears that the trial court changed appellant's sentence because appellant wished to preserve his right to appeal the court's denial of his motion to suppress.
In the context of defendants who successfully appeal their initial conviction and are subsequently retried by the same judge who then imposes a longer prison sentence on defendant out of vindictiveness, the Supreme Court has held that:
 "[d]ue process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of his right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." North Carolina v. Pearce (1969), 395 U.S. 711, 725.
Similarly, in Alabama v. Smith (1989), 490 U.S. 794, 798, the Supreme Court noted that "[w]hile sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment, * * * we have recognized it must not be exercised with the purpose of punishing a successful appeal." Finally, in United States v. Goodwin (1982),457 U.S. 368, 372, the Supreme Court stated that "while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right."
This court is extremely distressed by the decision on the part of the trial court, in this case, to increase appellant's sentence due to the fact that appellant wished to maintain his right to appeal the trial court's denial of his motion to suppress. Particularly incriminating is the trial court's statement: "I was going to give him the opportunity for 45 days of home arrest with work release, but seeing that you want topreserve appeals and so forth, which is fine with me, I'll do what I was originally going to do. So 30 days in jail with work release." (Emphasis added.) Thus, it appears from the record that instead of sentencing appellant to thirty days in jail with work release, the trial court would have sentenced appellant to forty-five days of home arrest with work release, but for the fact that appellant wished to preserve his right to appeal.
A trial court has broad discretion in sentencing. State v. Brown
(1993), 88 Ohio App.3d 509, 513. An appellate court will generally not reverse a trial court's exercise of this discretion as long as the sentence is within the statutory limits. State v. Garfield (1986),34 Ohio App.3d 300, 304. However, a trial court abuses its discretion when its attitude is "unreasonable, arbitrary or unconscionable." Statev. Montgomery (1991), 61 Ohio St.3d 410, 413. In this case, the trial court's decision to increase appellant's sentence because appellant wished to preserve his right to appeal the court's denial of his motion to suppress was unreasonable and a gross abuse of its broad sentencing discretion. For the foregoing reasons, appellant's second assignment of error is well-taken.
For the reasons set forth in this opinion, the judgment of the trial court, insofar as it relates to the sentencing of appellant, is reversed. This case will be remanded to the Mentor Municipal Court for resentencing pursuant to the applicable and relevant statutory criteria. Although we have no authority to order that this case be transferred to another judge, we suggest that appellant follow the procedures outlined in R.C. 2701.031 and request re-assignment of this case for purposes of resentencing. State v. Filchock (Nov. 29, 1996), Lake App. No. 96-L-065, unreported, at 4, 1996 WL 761999.
 _______________________________ DONALD R. FORD, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.