United States v. McBride

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> _Circuit Judges._

United States of America,

_Appellee,_

v.                                    22-814

Judon McBride,
_Defendant-Appellant._

| | |
|---|---|
| FOR APPELLEE: | MARGUERITE B. COLSON (Hagan Scotten, _on the brief_), Assistant United States Attorneys, _for_ Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| FOR DEFENDANT-APPELLANT: | THOMAS H. NOOTER, Freeman Nooter & Ginsberg, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Judon McBride was charged with possessing ammunition knowing that he had been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The government alleged that McBride fired eight rounds in one shooting in the Bronx, then soon after fired three rounds in a second shooting. Its evidence at trial included surveillance videos of a man wearing distinctive clothing, identified by witnesses as McBride, going to and from the sites of the shootings. The government argued that this man was the shooter using (1) a video of him carrying a handgun en route to the shooting, (2) a 911 call identifying the shooter as wearing the man's distinctive clothing, and (3) a video, government exhibit ("GX") 106, displaying one of the shootings. GX 106 was insufficiently clear for the witnesses to identify McBride from that tape alone. The government also introduced expert testimony from Detective Shaun Jaikissoon, a putative "expert in the field of ballistics analysis and microscopic comparison," that the eleven shell casings recovered from the two sites were fired by the same weapon. Appellee's Br. at 6. A jury convicted McBride after a brief trial.

At sentencing, the district court (Castel, *J.*) applied sentencing enhancements for unlawful possession of ammunition in connection with attempted first-degree murder, under United States Sentencing Guidelines §§ 2K1.1(c), 2X1.1, and 2A2.1(a)(1), and for causing serious bodily injury in connection with the attempted murder, under United States Sentencing Guidelines § 2A2.1(b)(1)(B). The government supported these enhancements with police reports relating

2

that a victim reported that McBride shot him in the leg following an argument, and that his injury required surgery. The district court sentenced McBride to 120 months' incarceration, the statutory maximum. McBride appeals both his conviction and his sentence. He argues that (1) the witnesses' inability to identify him in GX 106 deprived his conviction of sufficient evidence, (2) the district court abused its discretion by admitting Jaikissoon's testimony, and (3) the district court procedurally erred at sentencing by finding that he acted with malice aforethought and caused serious bodily injury in shooting the victim.

First, we conclude that McBride's conviction was supported by sufficient evidence. "A defendant challenging the sufficiency of the evidence supporting his criminal conviction bears a heavy burden." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 112 (2d Cir. 2008) (cleaned up). "When presented with a sufficiency-of-the-evidence challenge, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (cleaned up). Although McBride argues that GX 106 was too unclear for a rational jury to convict him, other evidence established his guilt even without reference to GX 106. For example, the 911 caller's description of the shooter matched that of the man depicted in the other videos of the scene, who the witnesses identified as McBride. In addition, surveillance video showed McBride leaving his apartment with a gun and travelling to and from the scenes of each shooting.

Second, McBride contends that the district court abused its discretion in admitting the testimony of Jaikissoon for any of several reasons. *See United States v. Romano*, 794 F.3d 317, 330 (2d Cir. 2015) (admission of expert testimony reviewed for abuse of discretion). But we

need not decide this issue, because any hypothetical error was harmless. Non-constitutional error is harmless if "the error did not influence the jury, or had but a very slight effect" thereon. *United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007) (quoting *Kotteakos v. United States*, 328 U.S. 750, 764 (1946)). "To say that the erroneously admitted testimony did not substantially influence the jury we are not required to conclude that it could not have had any effect whatever; the error is harmless if we can conclude that that testimony was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992) (internal quotation marks omitted). Under this standard, we conclude that any error would have been harmless here. As discussed above, extensive video and testimonial evidence established McBride's guilt even without Jaikissoon's testimony, which only confirmed that both shootings were carried out using the same gun.

Third, we conclude that the district court did not procedurally err in finding that McBride attempted first-degree murder and caused serious bodily injury. "A district court commits procedural error when it . . . rests its sentence on a clearly erroneous finding of fact. The district court must find facts relevant to a sentencing enhancement by a preponderance of the evidence." *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023) (citation omitted). While the police reports submitted by the government suggested that the victim was initially hesitant to provide information to the police and made some inconsistent statements, they also showed that the victim eventually explained that McBride deliberately shot him from close range following an altercation. The district court did not clearly err by relying on this account. *Cf. United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) (noting that a district court may rely on hearsay evidence at sentencing).

4

We have considered all of McBride's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court