Claude L. **KYLES**, Plaintiff-Appellant,

v.

**JAMES W. ELWELL & CO.**, a corporation, **G. Heyn & Sons**, and **Interstate Contracting Corporation**, a corporation, Defendants-Appellees.

No. 13380.

United States Court of Appeals
Seventh Circuit.

Dec. 8, 1961.

Samuel Nineberg, Arthur S. Gomberg, Chicago, Ill., for plaintiff-appellant.

Gerald O. Sweeney, Stuart B. Bradley, Joseph V. McGovern, Chicago, Ill. (Bradley, Pipin, Vetter & Eaton, Chicago, Ill., of counsel), for defendants-appellees.

Before HASTINGS, Chief Judge, CASTLE and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Plaintiff, Claude L. Kyles, brought suit against James W. Elwell & Company and G. Heyn & Sons, the berthing agent and owner, respectively, of the ship Bally Gally Head, for personal injuries. In the same suit he joined Interstate Contracting Corporation under a separate paragraph of complaint. Plaintiff alleges that during his employment as a longshoreman by Interstate a load of steel tipped while he was working in the hold of the ship on July 26, 1957, causing him to fall on the floor and from which fall he received serious and permanent injuries. He further alleges the ship was at the time docked at a pier on a navigable waterway in Chicago.

Plaintiff alleges in Count I of his complaint, which was filed February 1, 1960, negligence on the part of Elwell and Heyn and bases his action on the Jones Act. (46 U.S.C.A. § 688). He also complains of these defendants in Count II and alleges that the ship was unseaworthy. In Count III he alleges that he was not furnished a safe place to work

by defendant Interstate and charges liability under the Jones Act.

The District Court granted the motion of defendants Elwell and Heyn for summary judgment and the motion of defendant Interstate to dismiss. This appeal followed.

*Count I*

■ Plaintiff contends that a longshoreman performing seaman's duties on board a ship in navigable waters is a seaman within the meaning of the Jones Act. He argues that until modern times members of the crew carried on the task of loading and unloading ships and only with the advent of large freighters and cargoes did it become necessary to engage longshoremen to carry on these operations. Among the cases plaintiff cites in support of his contention are Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 and Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143.

In Sieracki, suit was brought against a shipowner by an employee of a stevedoring company for personal injuries which he received while loading the cargo. It is significant that Sieracki did not bring suit under the Jones Act but under the general maritime law. The Supreme Court held that a longshoreman who is performing a function essential to maritime service on board a ship must be accorded the same rights as a seaman to sue for the ship's unseaworthiness. This decision is not questioned by defendants. However, plaintiff maintains that the language used by the Supreme Court in equating a longshoreman with a seaman for general maritime purposes may also be used to equate a longshoreman with a seaman for Jones Act purposes.

On the same day that Sieracki was decided, the Supreme Court declined to follow its earlier decision in International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, that a longshoreman performing the traditional duties of a seaman could sue his employer under the Jones Act. In Swanson v. Marra Brothers, Inc., 328 U.S. 1, 66 S.Ct.

869, 871, 90 L.Ed. 1045, the Court held that a longshoreman injured while on a pier and engaged in loading cargo on a vessel had no right of recovery against his employer under the Jones Act. The Court interpreted the passage of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., subsequent to its decision in Haverty, as an expression of Congressional intent in conflict with Haverty. In speaking of the Longshoremen's Act, Mr. Chief Justice Stone said, "The Act thus excludes * * * stevedores not members of the crew who are injured on navigable waters from recovering under the Jones Act as interpreted by the Haverty case." In view of the doctrine expounded by Swanson that a longshoreman could not have recourse to the Jones Act in a suit against his employer, we fail to see how Sieracki is authority for allowing plaintiff to rely on the Jones Act in a suit against the shipowner who was *not* his employer. Sieracki does not abrogate the rule that the Jones Act applies only where the relationship of employer and employee exists. (Continental Cas. Co. v. Thorden Line, 4 Cir., 186 F.2d 992).

Plaintiff also relies on Pope & Talbot v. Hawn, supra. In Hawn a carpenter, employed by an independent contractor, was injured while working on a ship on navigable waters in Pennsylvania. He brought suit based on diversity of citizenship in a federal district court alleging negligence and unseaworthiness. The negligence count was not founded on the Jones Act but was brought to recover as a business invitee for what is often described as "negligence of the ship." [346 U.S. 406, 74 S.Ct. 208.] The Court held that the negligence action was rooted in federal maritime law and, consequently, the federal rule of comparative negligence rather than the Pennsylvania rule of contributory negligence was properly applied.

Plaintiff cites language in the Hawn concurring opinion to the effect that the majority of the Court was allowing the plaintiff to have the alternative rights of an action for negligence which the Jones

Act gives to crew members or unseaworthiness.

In our view, the Court did not imply that Hawn was a seaman for Jones Act purposes. The holding was that in this common law negligence action, since the injury occurred on navigable waters and the plaintiff was working on a ship, the injured longshoreman would be entitled to the same rights as a seaman for purposes of classifying the alleged injury as a maritime tort to which the Pennsylvania law of contributory negligence would be inapplicable. This is far removed from holding that Hawn was a seaman, i. e., a member of the crew, for Jones Act purposes.

Cases cited by plaintiff, particularly Offshore Co. v. Robison, 5 Cir., 266 F.2d 769, 75 A.L.R.2d 1296, in which it was left for the jury to decide whether crews of dredges, oil drilling vessels, and the like were seamen are not in point. We look to Swanson as the controlling precedent in determining that plaintiff was not a seaman within the meaning of the Jones Act.

*Count II*

■ Defendants Elwell and Heyn attacked Count II, based on unseaworthiness, because it was filed more than two years after the claim accrued. In support of his claim that the complaint was timely filed plaintiff cites McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 1206, 2 L.Ed.2d 1272. In McAllister the Supreme Court held that when a seaman joins a count for unseaworthiness with a count based on the Jones Act the three-year Jones Act statute of limitation applies to both counts.

There is no statutory limitation period for the filing of a count based on unseaworthiness. However, the Illinois limitation on actions for personal injuries is two years. (83 Ill.Rev.Stat. § 15). When there is no statutory limitation period specified the courts are left with four choices according to Mr. Justice Brennan in McAllister: "(1) No period of limitations at all; (2) an arbitrary period applicable in all like cases; (3) the flexible but uncertain doctrine of laches; and (4) state statutes of limitations."

In McAllister the Court did not need to resort to the comparable state statute since the unseaworthiness count was of necessity joined with the count under the Jones Act. As pointed out by the Court, a shorter state statute should not force a plaintiff to bring his Jones Act action sooner than the federal law requires. However, in the instant case we have concluded that plaintiff has no valid Jones Act claim. Consequently, since he has no right to the Jones Act remedy, he has no right to its limitation period. Accordingly, we must look elsewhere in deciding what time limit to impose.

Although laches is the proper measure of limitation, as a rule-of-thumb federal courts will use the local limitation statute in deciding the question of inexcusable delay. Oroz v. American President Lines, Ltd., 2 Cir., 259 F.2d 636. Absent an explanation of the delay in filing or extenuating circumstances, we hold that the District Court, while not bound by the Illinois two-year limitation period, properly considered it in determining that plaintiff inexcusably delayed the filing of his complaint.

*Count III*

■ Finally, in Count III, plaintiff attempts to recover from his employer under the Jones Act. In addition to the prohibition placed on such an action by Swanson, the very terms of the Longshoremen's Act clearly preclude plaintiff's action against Interstate.

Interstate has fully complied with the requirements of the Longshoremen's Act. Plaintiff applied for and received temporary total disability payments and an action for partial permanent disability is pending before the Bureau of Employees' Compensation of the Longshoremen and Harbor Workers. 33 U.S.C.A. § 905 provides in part, "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee * * * except that if an em-

**706**

ployer fails to secure payment of compensation as required by this chapter, an injured employee * * * may elect to * * * maintain an action at law or in admiralty for damages * * *."

Interstate's insurance carrier has signed an affidavit stating that the provisions of the Longshoremen's Act have been complied with and that the insurer is willing to pay any further compensation to which plaintiff may be entitled as a result of the pending administrative proceedings. The Longshoremen's Act provides plaintiff's exclusive remedy against his employer. Conzo v. Moore McCormack Lines, Inc., D.C., 114 F.Supp. 956.

Affirmed.