**Freddy Mack AYCOCK**

v.

**LYKES BROTHERS STEAMSHIP CO., Inc.**

**Civ. A. No. 64-H-45.**

United States District Court
S. D. Texas,
Houston Division.

July 31, 1964.

Cire & Jamail and John Gano, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook and Carl O. Bue, Jr., Houston, Tex., for defendant.

HANNAY, District Judge.

This is a civil action for damages for personal injury by a longshoreman against his employer purportedly brought under the Jones Act, Title 46 U.S.C.A. § 688, as well as for tort under Title 28 U.S.C.A. § 1333(1).

Defendant moves to strike plaintiff's allegations of a cause of action based on the Jones Act. The case is now before this Court on defendant's Petition for Removal. Federal jurisdiction of the case is supported by diversity of citizenship between the parties: The plaintiff is a citizen of the state of Mississippi; the defendant is a corporation duly incorporated under the laws of the state of Louisiana.

The plaintiff's own pleadings and the affidavits brought forth by defendant show beyond dispute that plaintiff was working as a longshoreman at the time of his injury. It is also clear from the record that defendant is a subscriber to

the compensation scheme of the Longshoremen's and Harbor Workers' Compensation Act. Title 33 U.S.C.A. § 901 et seq. The record further shows that this plaintiff has received compensation benefits pursuant to defendant's insurance contract subscribed to under the provisions of the Longshoremen's Act. Plaintiff was in the employ of defendant which corporation operated and controlled the steamship in the hold of which plaintiff was injured on or about April 1, 1963, in the port of Houston, Texas.

Longshoremen, as a matter of law, have not been regarded as crewmen of a vessel belonging to their employer and, therefore, are not qualified to maintain a civil action against their employer-vessel owner under the Jones Act. Swanson v. Marra Brothers, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045; Kyles v. James W. Elwell & Co., 7 Cir., 296 F.2d 703, cert. den., 369 U.S. 852, 82 S.Ct. 936, 8 L.Ed.2d 10; Hertel v. American Export Lines, D.C., 225 F.Supp. 703; Gilmore and Black, Law of Admiralty, 282–283. The exclusion of longshoremen as a class from Jones Act coverage is based upon that provision in the Longshoremen's and Harbor Workers' Act, Title 33 U.S.C.A. § 901 et seq., which denies its prescribed remedy against employers by way of compensation to those employees who may be a "master or member of a crew of any vessel." 33 U.S.C.A. § 903. Under the Longshoremen's Act, the employer's prescribed compensation liability is exclusive of all other liability the employer may have to the employee. 33 U.S.C.A. § 905. The remedy provided by this legislation is exclusive by reason of the constitutional power of Congress:

"* * * to regulate commerce, and to make laws which shall be necessary and proper to carry into execution powers vested by the Constitution in the Government or any department of it, Article I, § 8, cl. 18, including the judicial power which, by Art. III, § 2, extends 'to all Cases of admiralty and maritime Jurisdiction.'" Swanson v. Marra Brothers, supra, 328 U.S. at page 5, 66 S.Ct. at page 871.

The longshoreman's exclusion from Jones Act coverage does not depend on the claimant's being aboard the vessel or ashore at the time of injury. Swanson v. Marra Brothers, supra, 328 U.S. at pages 6–7, 66 S.Ct. 869; Kyles v. James W. Elwell & Co., supra.

In a number of instances a fact question can exist whether a claimant is a vessel master or crewman entitled to Jones Act coverage, as in Tipton v. Socony Mobil Oil Co., 375 U.S. 34, 84 S.Ct. 1, 11 L.Ed.2d 4, a case involving an offshore drilling employee and upon which plaintiff mistakenly relies here. The doctrine announced in Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, where a longshoreman was permitted to bring an admiralty libel against a vessel owned *pro hac vice* by his employer and on which he was working when injured, does not encompass the distinct proposition that a longshoreman may have Jones Act coverage against his employer notwithstanding the application of the Longshoremen's Act. Kyles v. J. Elwell & Co., supra; Hertel v. American Export Lines, supra.

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's allegations of a cause of action based upon the Jones Act is granted. This ruling does not, of course, preclude plaintiff from timely pursuing any remedy which he may have in admiralty under the doctrine of Reed v. The Yaka, supra.

The Clerk will notify counsel.