YARRUT, Judge.
This appeal is by Plaintiff from a judgment of the district court maintaining Defendant’s exceptions of no right or cause of action, and dismissing Plaintiff’s suit.
Plaintiff sued in tort to recover for personal injuries, etc. suffered while working as a longshoreman in the hold of a vessel owned, operated, controlled, manned and provisioned under the care and custody of Defendant.
The accident occurred when the vessel (S.S. ZOELLA LYKES) was afloat in the navigable waters of the United States, to-wit, the Mississippi River, at the Nashville Avenue wharf in New Orleans. Plaintiff slipped and fell in a puddle of grease in *244 the hold of the vessel where he was working due, he alleges, to the negligence of Defendant, its agents and employees and/or the unseaworthiness of the ship.
Defendant filed exceptions of no right or cause of action, contending that as Plaintiff seeks recovery in tort for damages sustained while employed as a longshoreman aboard a vessel in the navigable waters of the United States, any recovery for which he may be entitled is exclusively under the federal Longshoremen’s and Harbor .Workers’ Act, 33 U.S.C.A. § 901 et seq., more particularly 33 U.S.C.A. § 90S.
The district judge dismissed Plaintiff’s suit, holding that the Longshoremen’s and Harbor Workers’ Compensation Act is exclusive and is applicable to the facts of this case, citing: Ellis v. Travelers Insurance Co., 241 La. 433, 129 So.2d 729 (1961); Miculka v. American Mail Line, Ltd., 229 F.Supp. 665 (D.Ore.1964), and the applicable section of the Act, viz:
“The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * 33 U.S.C.A. § 90S.
The case of Reed v. Steamship Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), relied on by Plaintiff, is not authority for the cause of action which Plaintiff has alleged. That case held only that the “exclusiveness of liability” provision of the Longshoremen’s Act did not preclude an “in rem” action against a vessel owned by the employer of a longshoreman injured while working aboard the vessel. In that case the court held:
“We conclude that petitioner was not barred by the Longshoremen’s Act from relying on Pan-Atlantic’s liability as a shipowner for the Yaka’s unseaworthiness in order to support his libel in rem against the vessel.” (Emphasis added.)
The Court was not called upon, and did not hold that an “in personam” action could be brought by an injured longshoreman against his employer who was also the shipowner.
Prior to the passage of the Longshoremen’s Act, the owner of a ship, who was also the employer of a longshoreman, was personally liable to a longshoreman injured on the owner’s vessel because of a maritime tort.
Plaintiff’s counsel cites several cases which he contends destroy the exclusive features of the Longshoremen’s and Harbor Workers’ Act, among which is Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), in which the Court allowed recovery by a longshoreman, injured because of the unseaworthiness of a vessel owned by the defendant shipping company, not the employer of the longshoreman, but a third party.
In the case of Guzman v. Pichirilo, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962), plaintiff, a longshoreman, brought an action against defendant, the owner of a ship who was not his employer. Guzman was employed by a separate stevedoring company. The shipowner denied liability, contending it had chartered the yessel to plaintiff’s employer; and, since the unseaworthiness of which plaintiff complained occurred after the charter was effected, the shipowner had no liability “in personam” to him. The shipowner further contended that plaintiff’s employer, the alleged charterer of the vessel, was not personally liable to him because (under the provisions of the Puerto Rico Workmen’s Accident Compensation Act, 11 L.P.R.A. § 21) neither the owner nor the charterer was liable “in personam,” and a vessel cannot be liable “in rem” where there is no “in personam” liability. The district court found that *245 there was no such charter, and hence the third-party shipowner was liable to the longshoreman. The Court of Appeals reversed the district court on the ground that there was such a charter, and dismissed the longshoreman’s case, sustaining all of the shipowner’s contentions. Pichirilo v. Maysonet Guzman, 1 Cir., 290 F.2d 812. The United States Supreme Court, in turn, reversed the Court of Appeals, holding that the district court’s finding that there was no such charter was not clearly erroneous, and hence under the decision of McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954), should have been upheld. The Guzman case is identical with the Sieracki case, cited supra, in that the longshoreman was allowed recovery from a third party, not his employer. Further in its opinion in the Guzman case, the Supreme Court, in a footnote, confirmed that Guzman’s sole remedy, as to his employer, was under the Puerto Rico Compensation Act (369 U.S. 699, 82 S.Ct. 1095, footnote 1):
“Since the alleged charterer was petitioner’s employer, its liability to him was statutorily limited by the Puerto Rico Workmen’s Accident Compensation Act. 11 L.P.R.A. § 21.”
Maritime injuries to one engaged in the occupation of loading and unloading a vessel are within the exclusive jurisdiction of the Longshoremen’s and Harbor Workers’ Compensation Act. 33 U.S.C.A. § 905; Atlantic and Gulf Stevedores, Inc. v. Donovan, 274 F.2d 794 (5th Cir. 1960).
Accordingly, the only liability Defendant may have to the Plaintiff, under, the facts alleged in this case, is under the provisions of the Longshoremen’s Act, the enforcement of which is exclusively vested in the specified federal administrative agency and, for judicial review, in the federal courts.
The judgment of the district court dismissing Plaintiff’s suit is correct, but on the ground of lack of the state courts’ jurisdiction ratione materiae, and is affirmed; Plaintiff being relieved from the payment of any costs, having been permitted to proceed in forma pauperis.
Affirmed.