REGAN, Judge.
The plaintiff, Helen Jackson, filed this suit against the defendant, Lykes Bros. Steamship Company, Inc., endeavoring to recover the sum of $75,000.00 representing damages incurred by her as a result of the death of her husband from the inhalation of noxious gases, which she asserts was caused by the negligence of the defendant or the unseaworthiness of its steamship, upon which her husband was employed as a longshoreman.
The plaintiff requests relief under the Jones Act,[1] the Louisiana Workmen’s Compensation Act,[2] the Longshoremen’s and Harbor Workers’ Compensation Act,[3] the Louisiana Civil Code,[4] and the general maritime law.
The defendant in response to the foregoing suit pleaded the exceptions of no right or cause of action predicated on the rationale (1) that the Jones Act provides a remedy only for seamen who are either masters or members of the crew, and not for longshoremen; that (2) the Louisiana Workmen’s Compensation Act does not apply to a longshoreman injured or killed aboard a vessel in navigable waters; that (3) since the Longshoremen’s and Harbor Workers’ Act provides the exclusive remedy in this situation, the plaintiff possessed no cause of action under the Louisiana Civil Code; and that (4) there exists no cause of action for wrongful death under the general maritime law.
In addition thereto, the defendant filed an exception to the jurisdiction of the court rationae materiae insisting that the Louisiana courts possess no jurisdiction under the Longshoremen’s and Harbor Workers’ Compensation Act.
From a judgment of the lower court sustaining all of the defendant’s exceptions and dismissing the plaintiff’s suit, she has prosecuted this appeal.
The record reveals that the plaintiff asserted in her petition that her husband was killed as the result of the inhalation of noxious fumes or gases while in the course and scope of his employment as a longshoreman aboard the defendant’s steamship. The ship was moored in the Mississippi River when the accident occurred, so that there exists no dispute as to the fact that he was working aboard in navigable waters.
Therefore, the only question posed for this court’s consideration is whether the plaintiff’s exclusive remedy emanates from the Longshoremen’s and Harbor Workers’ Act, or whether she may litigate in the state courts under the Jones Act, the general maritime law, the Louisiana Civil Code, or the Louisiana Workmen’s Compensation Act.
*344 The answer to the foregoing question is contained in 33 U.S.C. § 90S, which provides that the Longshoremen’s and Harbor Workers’ Act is the exclusive remedy where it is applicable. This section reads:
“The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * *
Since the injury complained of was sustained by a longshoreman aboard a vessel located in navigable waters, the Longshoremen’s Act is applicable to the exclusion of any remedies for wrongful death afforded by the Louisiana Civil Code.[5]
In view of the ■ exclusiveness of the remedy under the Longshoremen’s and Harbor Workers’ Act, it has been settled that this act and the Louisiana Workmen’s Compensation Act are mutually exclusive. However, situations have often arisen wherein it was difficult, if not impossible, to determine whether a particular injury was within the purview of the Louisiana Workmen’s Compensation Act or the Longshoremen’s and Harbor Workers’ Act. In order to ease the burden on a compensation claimant in making his choice of remedies, the courts carved out an exception known as the “twilight zone” doctrine by virtue of which the injured party possessed a choice of either the federal or state compensation remedy when the location of the accident could reasonably have conferred jurisdiction upon the state courts or the federal administrative agencies. However, in this case it is clear that the longshoreman involved was fatally injured while working on navigable waters, and the above statute emphatically reveals that the Longshoremen’s and Harbor Workers’ Act is. applicable to the facts hereof.[6]
The plaintiff’s argument as to the applicability of the Jones Act and the general maritime law to the death of her husband is predicated primarily upon the rationale emanating from the case of Reed v. Steamship Yaka,[7] which concluded that the section of the Longshoremen’s and Harbor Workers’ Act quoted above making that act the exclusive remedy of a longshoreman injured aboard a vessel in navigable waters did not preclude an action by an employee against his employer for injuries sustained aboard a vessel owned by the employer. This case involved a suit under the general maritime law, predicated upon the shipowner’s warranty of a seaworthy vessel.
The plaintiff argues, in effect, that the Yaka decision emasculated and rendered of no effect the exclusive remedy provision of the Longshoremen’s and Harbor Workers’ Act. Thus counsel for plaintiff reasons that since this section is no longer in force, a person injured as a longshoreman employed by a shipowner may pursue his remedy under the Jones Act.
Our analysis of the Yaka case, however, does not support the plaintiff’s contention. It is authority only for the proposition that an injured longshoreman may bring an admiralty libel under the general maritime law for injuries sustained by him aboard his employer’s vessel. It does not afford a longshoreman Jones Act coverage.[8]
 Finally, the plaintiff insists that she has a right to proceed against the defendant under the general maritime law. *345 The general maritime law does not, as a rule, provide a cause of action for wrongful death.[9] However, in certain cases the Admiralty Court will look to the wrongful •death statute of the state in which it sits and apply that statute to the facts posed by the particular case.
In any event, the plaintiff contends that the rationale emanating from the case of Reed v. Steamship Yaka [10] affords a remedy directly, or in personam, against the ■defendant for the death of her husband. In response to this argument, the defendant points to Robinson v. Lykes Brothers Steamship Co., Inc.,[11] wherein this court ■concluded that the exclusive remedy provision of the Longshoremen’s and Harbor Workers’ Act precludes an in personam action against the employer. In that case this court construed the Yaka decision as permitting merely an in rem action against the vessel owned by the employer. Counsel for the defendant asserts that such an interpretation preserves the integrity of the Longshoremen’s and Harbor Workers’ Act remedy and also lends the proper effect to the ratio of the Yaka case.
An analysis of the Yaka case reveals language[12] which suggests that an in per-sonam remedy may be available; the analysis likewise reveals that there exists reason for believing that the section of the Longshoremen’s and Harbor Workers’ Act referred to hereinabove has been taken upon the judicial anvil and hammered into an unexpected shape.
In any event, we are of the opinion that it exemplifies more judicial integrity to conclude that the rationale emanating from Yaka merely permits a longshoreman to bring an action in rem against his employer in the federal court.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs of this proceeding.
Affirmed.

. 46 TI.S.C. § 688.

. R.S. 23:1021 et seq.

. 33 U.S.C. § 901 et seq.

. Arts. 667, 670, 2315, 2317,-2320, 2322.

. 33 U.S.C. § 903.

. Stepter v. T. Smith & Son, Inc., 241 La. 465, 129 So.2d 740 (1961); Ellis v. Travelers Insurance Co., 241 La. 433, 129 So.2d 729 (1961).

. 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963).

. See Aycock v. Lykes Brothers Steamship Co., Inc., 236 F.Supp. 360 (D.C.Tex.1964).

. Cortes v. Baltimore Insular Line, Inc., 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932).

. Supra.

. 170 So.2d 243 (1964).

. “We find it unnecessary to decide whether a ship may ever be held liable for its unseaworthiness where no personal liability could be asserted because, in our view, the Court of Appeals erred in holding that Pan-Atlantic could not be held personaly liable for the unseaworthiness of the ship which caused petitioner’s injury.”