## KEEFE v. MATSON NAV. CO.
### No. 20425.

District Court, W. D. Washington, N. D.
Dec. 30, 1930.

Harry S. Redpath, Joseph Wicks, and Arthur Collett, Jr., all of Seattle, Wash., for plaintiff.

Huffer, Hayden, Merritt, Summers & Bucey, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

The statement in the complaint that plaintiff elects to bring the action under section 33 of the Merchant Marine Act is not controlling. The stated facts control.

The plaintiff, if injured, has two remedies: One, under the new rules, which extends the common-law right of remedy in cases of personal injury, etc., to recover compensatory damages for negligence; or, under the old rules, for liability for injury to a seaman in consequence of unseaworthiness of the ship, "usually consisting of wages and the expense of maintenance and cure" (Panama Railway Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 395, 68 L. Ed. 748)—a contractual right (Pacific Steamship Company v. Peterson, 278 U. S. 130, 49 S. Ct. 75, 73 L. Ed. 220).

The election provided by section 33 of the Merchant Marine Act, supra, is between the old rule for indemnity for injuries occasioned by unseaworthiness, irrespective of negligence, and the rule allowing maintenance and cure. In the Osceola, 189 U. S. 158, 23 S. Ct. 483, 487, 47 L. Ed. 760, the court says:

"Upon a full review, however, of English and American authorities upon these questions, we think the law may be considered as settled upon the following propositions: 1. That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in

the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued. 2. That the vessel and her owner are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship."

See, also, Chelentis v. Luckenbach Steamship Co., Inc., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171.

The sole ground for recovery is unseaworthiness. No act of negligence is claimed; no charge is made of inadequacy of any appliances not strictly belonging to the navigation of the ship; no common-law liability is asserted, nor is the common law competent to give relief, no fact being stated to bring the case within the new rule for compensatory damages for injuries caused by negligence. The Supreme Court in Pacific Steamship Co. v. Peterson (The Admiral Dewey) supra, at page 139 of 278 U. S., 49 S. Ct. 75, 78, 1928 A. M. C. 1932, says:

"And we conclude that the alternative measures of relief accorded him, between which he is given an election, are merely the right under the new rule to recover compensatory damages for injuries caused by negligence and the right under the old rules to recover indemnity for injuries occasioned by unseaworthiness. * * *."

The motion to remand is denied.