## OSLAND v. STAR FISH & OYSTER CO.
### No. 8996.

Circuit Court of Appeals, Fifth Circuit.
Nov. 8, 1939.

Alex T. Howard, of Mobile, Ala., for appellant.

Chas. C. Hand, of Mobile, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages under the act of June 5, 1920, which extends to seamen the common-law right or remedy applicable to railway employees in cases of personal injury. 46 U.S.C.A. § 688. It was filed by appellant, who refused to plead further after the court below had sustained a demurrer to his complaint in nine counts. The entry of a final judgment followed, and this appeal was taken.

The appellant was a deep-sea fisherman on the Mary Carmen, a schooner owned and operated by appellee in the Gulf of Mexico.. There was on board a galley, which the appellee equipped with a range for the purpose of cooking the food for the crew. While on the forward hatch of the vessel, the appellant was struck by a jar of burning gasoline hurled through the companion way by the appellee's cook, a member of the crew. As a result thereof, the appellant's clothes were ignited and his face, chest, and right arm severely burned. One of the grounds of the demurrer is that it did not appear from

114

the allegations of the complaint that the cook was acting within the scope of his authority when he hurled the gasoline against his fellow workman.

The defect in this argument is that, in attempting to get rid of the explosive, the cook was acting under the natural law of self-preservation. If in so doing his aim was bad or his judgment faulty, neither he nor his employer may be held responsible for his action. As in the classic squib case,[1] we must look to the origin of the danger to find the negligence which constituted the primary cause of the injury. The well-pleaded averments of the complaint reveal that the presence of the burning gasoline aboard the vessel and the consequent injury to appellant were caused by the concurrent and cumulative negligence of the servant which followed the negligent failure of the master to use due care to provide safe and suitable fuel for the purpose mentioned. As it was natural and probable that the gasoline would ignite and some injury would ensue, the result was one which might reasonably have been foreseen by both the employer and employee. As to the latter acting beyond the scope of his authority, it seems clear that when a cook undertakes to start a fire in a stove used for cooking, it reasonably may be inferred that he is performing the duties of his employment. His negligence was not in casting the explosive from him, but in using material so combustible to kindle the fire.

Another contention raised by the demurrer is that it appears from the face of the complaint that appellant was fishing for a lay, and is not entitled to the benefit of the aforesaid act, since a fisherman is not a seaman within the meaning of the statute. It is argued that, after having alleged the fact of his employment as a member of the crew, the appellant went further and revealed the circumstances upon which he relied to establish the relationship of employer and employee. The complaint is unnecessarily long, and in part is susceptible of a construction either in favor of or against the pleader. The federal rules of civil procedure apply, and provide that all pleadings shall be so construed as to do substantial justice.[2]

The evidential circumstances stated in the complaint, which it is asserted override the direct allegations as to employment, are simply to the effect that appellee paid the crew no daily wages, but gave them a percentage of the proceeds from the sale of the fish caught. The appellee was operating the Mary Carmen in connection with its business of selling fish at wholesale; it furnished the boat and supplied the crew and vessel with oil, gasoline, groceries, bait, and other necessaries for the voyage; it ordered her to sail for a designated place on the Gulf for the purpose of catching a load of fish; it ordered the master to bring said fish to the port of Mobile and to unload the same at its plant. It then sold the fish and took out the expenses of the voyage; it took out thirty-eight per cent as the boat's share of the proceeds; thereafter a certain share was paid to each of the members of the crew, except that the master, in addition to his share, received from the appellee a bonus in the sum of eight per centum; this amount was paid to him by the defendant for his services as master of the fishing smack.

These details as to paying the wages, operating the schooner, and carrying on the business of selling fish are not inconsistent with the claim that, at the time of the injury, the appellant was employed by the appellee as a member of the crew of the Mary Carmen. They do not necessarily contradict the untraversed allegations of ownership and operation of the boat and business, and employment of the crew, by the Fish & Oyster Company. If they show that the appellant was a fisherman, they do not controvert that he was a seaman at the time he was injured. A seaman is one whose occupation is to navigate vessels upon the sea. The term includes all those on board whose labor contributes to the accomplishment of the main object in which the vessel is engaged. Whether or not the appellant was injured in the course of his employment as a seaman presents an issue of fact under the allegations of the complaint. The demurrer admits too much to permit us to hold that he was not. Cf. Cromwell v. Slaney, 1 Cir., 65 F.2d 940; The Norland, 9 Cir., 101 F.2d 967.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] Scott v. Shepherd, W.Bl. 892, 96 Reprint 525, 3 Wils. 403, 95 Reprint 1124.

[2] Rule 8(f); see, also, rules 1, 61, and 86, 28 U.S.C.A. following section 723c.