OSLAND v. STAR FISH & OYSTER CO.
No. 9716.

Circuit Court of Appeals, Fifth Circuit.
April 7, 1941.

Alex T. Howard, of Mobile, Ala., for appellant.

Palmer Pillans and Chas. C. Hand, both of Mobile, Ala., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Under the Seamen's Act, Merchant Marine Act of 1920, Section 33, 46 U.S.C.A. § 688, Steffen Osland brought suit against Star Fish & Oyster Company for damages for personal injuries received by him while working aboard the fishing smack Mary Carmen in the Gulf of Mexico. This is the second appeal in this case. The case was here before on the pleading and the judgment was reversed and the cause remanded for a trial on the merits. Osland v. Star Fish & Oyster Co., 5 Cir., 107 F.2d 113. After the mandate went down the case was tried to a jury and a verdict was rendered for the defendant. Osland has appealed.

The evidence shows that Star Fish & Oyster Company owned and operated several fishing smacks and was engaged in selling fish at wholesale at Mobile, Alabama. In the month of May, 1934, the company either leased or chartered the Mary Carmen to one George Brown, or employed Brown to take the vessel, secure a crew, and fish in the Gulf of Mexico. Although the evidence is in sharp conflict it discloses nevertheless that Brown, who was in charge of the vessel, employed the crew, and that they were to receive as compensation a portion of the fish caught and delivered to Star Fish & Oyster Company. Of the catch the company and Brown were to receive forty per cent. The remaining sixty per cent, less deductions for fuel, bait, and food advanced by the company, was to be divided among the crew. Osland only knew Brown in the transaction and he did not see any member or officer of the corporation when he made the contract to go on the fishing trip. Osland contended, however, that he was employed by the corporation through Brown; that it furnished all supplies; and that on such trips if no fish were caught the company gave crew members a few dollars "broker money" and did not require the supplies to be paid for, and did not deduct the cost of supplies from future catches.

On the voyage of the Mary Carmen Osland was engaged to "man the ship". He had been to sea before and, although born in Norway, he had been naturalized and had lived in this country since 1910. The Mary Carmen had been at sea for about twenty-two days and the members of the crew were fishing off the Campeche Banks on the Mexican side of the Gulf. Osland had in-

jured his ankle and "was sitting and doctoring it right alongside the companionway". The cook, who was below in the galley, attempted to build a fire by pouring gasoline from a fruit jar into the stove. The gasoline ignited and the cook hurled the jar of blazing liquid through the companionway and it struck Osland, set his clothes on fire, and he was severely burned and permanently injured. When the Mary Carmen came to port, Osland was removed to the Marine Hospital where, he remained for over a year.

George Brown testified that he chartered the fishing smack; that each member of the crew was employed by him; that the Star Fish & Oyster Company did not employ the crew; and that each member of the crew knew of the contract and agreed that they were to be paid a share of the fish caught on the trip. It is shown without dispute that Brown did not have papers to command the vessel and that he could not secure such papers for the reason that he was an alien. While the pleadings make no contention that Osland received his injuries as a result of Brown being in charge of the vessel, the point is made that Brown was without authority to command the fishing smack. Certain it is that it is unlawful for a vessel of United States registry to be chartered to an alien. 46 U.S.C.A. § 808. The plaintiff can take nothing by this. His contention is that he was in the employ of Star Fish & Oyster Company, therefore, the burden was upon him to show by a preponderance of the evidence that he and the cook were in the employment of the corporation, and that he was injured as a result of the negligence of the cook.

The jury, after a full and fair consideration of the evidence adduced, rendered a verdict for the defendant. Since the jury did not find that Osland was in the employ of Star Fish & Oyster Company it was of no moment, so far as he was concerned, who was in charge of the vessel. Moreover, the exclusion of evidence as to what the cook said about the accident was clearly innocuous since the court charged the jury that the cook was guilty of negligence in and about the handling of the gasoline. The evidence of what the cook said, if admitted, could only go to show the manner in which the plaintiff was injured, and since the jury found that he was not in the employ of the owner of the fishing smack, such evidence would not benefit him.

We have carefully considered the objections to evidence, the charge of the court, and the written charges requested by the defendant. We find no reversible error in the record, and the judgment is affirmed.