**CURD v. UNITED STATES et al.**
**No. 2293.**

United States District Court
E. D. Louisiana, New Orleans Division.
Jan. 29, 1954.

George Smill, New Orleans, La., for plaintiff.

E. A. Carrere, Jr., G. Harrison Scott, Asst. U. S. Atty., New Orleans, La., for defendants.

CHRISTENBERRY, Chief Judge.

The above entitled cause having come on for hearing on the pleadings and proofs of the respective parties, and having been argued by respective counsel, the Court being fully informed in the premises, after due deliberation makes the following findings of fact and conclusions of law:

Findings of Fact
I.

The S. S. Ethan A. Hitchcock, on May 26, 1952, was owned by the United States of America, and was undergoing deactivation repairs incident to being placed in a reserve fleet of the United State Maritime Administration.

II.

The S. S. Ethan A. Hitchcock, at the time in question, was in the custody and control of Todd-Johnson Drydocks, Inc., Algiers, Louisiana, and was moored port side to their wharf where repairs were being performed to the vessel.

III.

In order to provide access to and egress from the vessel, Todd-Johnson Drydocks, Inc., provided a ladder which extended from the wharf to the port side of the vessel abreast Number 4 hatch.

IV.

The said ladder consisted of three substantial vertical uprights with rungs nailed across, and was about eight feet in width and eighteen feet in height. This ladder was of proper and workmanlike construction, was strong and in good condition, and was properly and securely lashed and fastened in place.

### V.

The S. S. Ethan A. Hitchcock at the time in question was a "dead ship", and had only a skeleton crew, consisting of a master, mate and engineer in the daytime and only a night mate at night.

### VI.

Libellant had been employed as a night mate for approximately one month prior to the accident, and during this entire time the vessel had been in the same position at the wharf and with the same means of access.

### VII.

Libellant, as night mate, was present on the vessel to protect the owner's interests, and had the duty of seeing that the ship, and the means of access to it, were in a safe and proper condition.

### VIII.

On the date of May 26, 1952, libellant came aboard the vessel at some time prior to 5:00 P.M., and left at 10:30 P. M. Libellant's watch was from 5:00 P. M. until midnight, and his departure was prior to the end of his watch and before the arrival of his relief.

### IX.

The ladder at the time in question was in a safe, normal and proper condition and had no paint, dirt, grease, or other foreign substance on or about it in such amount as to make it slippery, dangerous, or unsafe in any regard.

### X.

The area of the deck of the S. S. Ethan A. Hitchcock adjacent to the ladder and used in connection with coming aboard or leaving the vessel was, at the time in question, free from oil, paint, grease, or any other foreign substance so as to make or cause an unsafe or dangerous condition.

### XI.

Libellant attempted the descent of the ladder encumbered with a raincoat and a hand bag, despite the fact that the ladder required the full and unimpeded use of both hands for its safe descent. During the descent he fell from the ladder to the dock.

### XII.

Libellant was given first aid at the First Aid Station maintained by Todd-Johnson, and immediately thereafter went to his home. On the following day, libellant reported to the United States Public Health Service Hospital in New Orleans, Louisiana, and was allowed that same date to return to his home as an out-patient.

### XIII.

Curd was treated as an out-patient and was finally discharged by the Public Health Hospital on June 16, 1952, as fit for duty in one week. Libellant did not return to the hospital for further treatment as the result of the injuries sustained in his fall.

### XIV.

Libellant had achieved maximum recovery from all injuries causally connected with his fall as of June 23, 1952.

### XV.

No proof was offered as to the value of maintenance libellant received from the vessel. Libellant was furnished such care as he required.

### XVI.

In the absence of proof as to the value of the maintenance, the Court takes notice of the fact that union contracts in the area provide for $8 maintenance and cure per day.

### Conclusions of Law
### I.

This Court has jurisdiction over the subject-matter and in Admiralty.

### II.

Libellant's injuries were in no way caused by or contributed to by any fault or negligence of respondent, or the unseaworthiness of the S. S. Ethan A. Hitchcock.

### III.

Respondent is entitled to a decree against libellant dismissing the claim for indemnity, with costs.

## IV.

Libellant is entitled to a decree for maintenance and cure at the prevailing rate for the period May 26, 1952, through June 23, 1952, inclusive.

Judgment may be entered accordingly.