Norval JUSTILLIAN, Libellant,

v.

Virgil VERSAGGI, d/b/a Versaggi Shrimp Company, Respondent.

No. 157.

United States District Court
S. D. Texas,
Brownsville Division.

Feb. 5, 1954.

———◆———

Crain, Muggley, Hardy & Colvin, San Benito, Tex., for libellant.

Cox, Wagner, Adams & Wilson, Brownsville, Tex., for respondent.

ALLRED, District Judge.

Proceeding by libellant, a minor, through his father as next of friend, for personal injuries sustained on a shrimp boat owned by Versaggi Shrimp Company, a partnership of which respondent is a member. At pre-trial, libellant elected to proceed under the Jones Act, 46 U.S.C.A. § 688 and for maintenance during the period of his incapacity.

Libellant, 17 years old at the time, was injured on the Sea Raider, on October 3, 1952, while it was shrimping in the Gulf of Mexico south of Brownsville, Texas. The crew consisted of the Captain (Stevens), his son and nephew (libellant), operating under the "lay" plan, whereby respondent furnished the boat, fuel and rigging, receiving 50% of the profits, and the crew dividing the remaining 50%. In this instance Captain Stevens secured the crew, including libellant. The crew was to pay for the groceries and one-half of the ice out of their share. The Captain determined when and where to fish, but had no right to sell the shrimp. The owner attended to this and made statements to each member of the crew, showing the total number barrels of shrimp, the price for which it was sold, the amounts deducted for groceries, ice, union dues, withholding and social security taxes, cash advances and the net amount due. A check was then issued to each crew member for such amount. Respondent prescribed rigid safety rules and required the Captain to report when any equipment was out of order. His own testimony, quoted in respondent's brief, shows a rather firm and rigid control of the vessel by respondent.

■ Under these circumstances, I hold that libellant was a seaman within the meaning of the Jones Act, 46 U.S.C.A. § 688 and that Captain Stevens was not the owner "pro hac vice," as urged by respondent.[1]

On the morning of October 3, 1952, the vessel was hauling in the net and preparing to hoist it on board by means of a power driven winch and two steel cables, 1050 feet long. The length of the cable had been increased from 900 feet to 1,050 feet about two months before. As the cables were reeled in, they wound around a drum or reel. On the previous drag one of the cables had jumped off the drum. The Captain, therefore, instructed libellant to watch the cable and to tell him if it got slack so he could slow down. He gave libellant no other instructions, figuring that he was sufficiently experienced to know what to do. The Captain testified it was dangerous to push the cable back with the hands if it got slack or jumped, unless a seaman "stood in the right place," with one hand on the side of the boat, pushing with the other. From this and other circumstances in the case, I find that Captain Stevens expected libellant to "stand in the right place" and to hold on with one hand; but that he failed to warn libellant or instruct him as to the proper method; and failed to furnish a proper tool or tools to do the job; and that libellant was not of sufficient age or experience to know or realize the danger involved, or a safe method of performing the task.

At the time in question the Captain was in the cabin where he could not and did not see libellant keeping watch on the cable and keeping it from jumping by the use of his hands. Just as he sought to do this, his foot slipped and his right hand was drawn into the reel, or hoister, and cable. Libellant screamed out when the cable was unwound, his hands and fingers were crushed and broken. He was taken to the hospital where the lower two-thirds of his index and middle fingers, and the first one-third of his ring finger, were amputated. He was in the hospital ten days, treated for several weeks thereafter and unable to do any kind of work for about three months. He suffered a 60% permanent loss of the use of his hand as a whole, which will, to some extent, affect his earning capacity in the future.

1. Cromwell v. Slaney, 1 Cir., 65 F.2d 940; Cf. The Carrier Dove, 1 Cir., 97 F. 111; Osland v. Star Fish & Oyster Co., 5 Cir., 118 F.2d 772.

I find, therefore, that respondent, the owner of the Sea Raider, was negligent in the following, among other particulars: (a) In failing to provide libellant with a safe place to work under all the circumstances; (b) in providing cable of such length, or equipment of such character, that the cable would "jump;" (c) in that the Captain, knowing and expecting that libellant was and would attempt to push the cable back, failed to warn him of the dangerous nature of the attempt and failed to instruct him as to the proper method of attempting such effort. Such negligence was a proximate cause of libellant's injuries.

I further find that, libellant, in view of his age and the fact that, according to the Captain, the cable had jumped only once before, was not guilty of contributory negligence. I fix his damages as $3,750.

The foregoing is adopted as findings of fact and conclusions of law. Libellant's counsel will submit a decree accordingly.

The Clerk will notify counsel.