Walter MIETLA

v.

**WARNER COMPANY.**

Civ. A. No. 73–1046.

United States District Court,
E. D. Pennsylvania.

Jan. 22, 1975.

Alan B. Epstein, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff, employed by defendant as a "barge attendant," brought this action under the Jones Act, 46 U.S.C. § 688 et seq., to recover for injuries suffered in the course of employment. Defendant has moved for summary judgment, claiming that plaintiff was not a "seaman" within the meaning of the Jones Act at the time of his accident. We shall deny the motion.

■ The Jones Act provides that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury * * *." 46 U.S.C. § 688. Early decisions of the Supreme Court gave an expansive interpretation to the term "seaman." See, e. g., International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157 (1926). In response, Congress passed the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., which gives a right of recovery for all maritime workers except "a master or member of a crew of any vessel." 33 U.S.C. § 903. Since the remedies provided by this Act and the Jones Act are mutually exclusive, the Supreme Court has held that Congress, in passing the Longshoremen's and Harbor Workers' Compensation Act, limited application of the term "seaman" in the Jones Act to "a master or member of a crew of any vessel." Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946).

■■ It is well established that the question of seaman's status is one of fact and must be left to the fact-finder (here, the jury) if there is any evidence to support a finding that a worker is a member of a crew of a vessel. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732 (1940). See also Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754 (1958); Gianfala v. Texas Co., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775, reversing 222 F.2d 382 (C.A. 5, 1955). Since we must, in considering a motion for summary judgment, construe any disputed factual assertions in favor of the respondent, the question becomes whether plaintiff can produce any evidence which would entitle a jury to conclude that he was a member of a crew of a vessel.

■ The parties have agreed that application of a three-part test determines the issue of seaman's status:

1. There must be a vessel in navigation.
2. Plaintiff must be employed on the vessel primarily to aid in navigation.
3. Plaintiff must have a more or less permanent connection with the vessel.

See Zientek v. Reading Co., 220 F.2d 183 (C.A. 3, 1955); Offshore Co. v. Robison, 266 F.2d 769 (C.A. 5, 1959).

■ Plaintiff's amended complaint alleges that he was a seaman with respect to the barges which tied up to Pier 55 where he worked, as well as with respect to barge No. 4, a permanent floating dock connecting Pier 55 and the other barges. Plaintiff admits that barge No. 4 was not a vessel in navigation, and defendant, for the purposes of this motion, concedes that the other barges were. The controversy is thus narrowed to the issue of whether plaintiff was employed in aid of navigation of these barges and had a more or less permanent connection with them.

There is clearly evidence to support a jury finding that plaintiff was employed in aid of navigation. Under the collective bargaining agreement entered into between defendant and the National Maritime Union, plaintiff's duties as a "barge attendant" were to:

"1. Keep loaded barges free of water.

"2. Check towing gear and keep in repair when possible, which includes lines, cables, chains, steamboat ratchets and report same to Marine Office.

"3. Check tows coming in and going out from Pier 55 North to see that they are safe: report any trouble to the Marine Office—such as cracks, towing gear, hatch covers, sounding pipes, etc."

■ The requirement that a plaintiff be employed in navigation has been applied liberally. "[E]veryone employed aboard a ship, including a cook, a clerk, a bartender, a woman telephone operator, an oil worker, a fisherman, and a musician, has been held to be a seaman." Perez v. Marine Transport Lines, 160 F.Supp. 853, 855 (E.D.La.1958) (footnotes omitted). We have no difficulty in concluding that a dock worker who helps maintain a vessel aids in navigation.

The question of whether the plaintiff had a more or less permanent attachment to a vessel is not so easily decided. We begin by noting that the Court of Appeals has broadly construed this requirement. Mach v. Pennsylvania R.R. Co., 317 F.2d 761 (C.A. 3, 1963). In Mach, the plaintiff was a bargeman at a dock where coal was transferred from river barges to railroad cars. The bargemen were responsible for maneuvering the barges downstream. The court noted that "the work of causing a boat to move in navigable water is the most fundamental and characteristic function of a ship's crew," *id.* at 763, and that the plaintiff was therefore a seaman.

[7] In the present case, there is no allegation that plaintiff was involved in causing the barge to move. However, while such a function might assure beyond question seaman's status, there is no absolute requirement that a plaintiff actually cause a vessel to move. *See* Senko v. La Crosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957).

The significance of Mach here lies in the fact that the plaintiff in that case did not have an attachment to one particular vessel. Rather, he worked aboard a series of barges which entered the mooring area of the dock where he was employed. The Court of Appeals stated that:

"The duration of service for and upon a vessel may determine whether shipboard work which is not normally performed by a ship's company makes the worker a crewman, but lack of long continued attachment to the vessel cannot, as a matter of law, serve to deny seaman's status under the Jones Act to an employee who is injured while assigned to and performing normal crew service. * * * Moreover, to the extent that duration of assignment to ship's service may be significant, the jury was entitled to consider that the bargemen were responsible for the handling and care of barges throughout their stay at the port." *Id.*, 317 F.2d at 764.

■ Similarly, in the present case, plaintiff was employed to maintain each vessel which was docked at Pier 55. The number of vessels involved might have some bearing on a jury determination that he was or was not a seaman, but it is settled that he may be a member of a crew of more than one vessel. *See* Braniff v. Jackson Ave.—Gretna Ferry Inc., 280 F.2d 523 (C.A. 5, 1960). In addition, the jury could well determine that plaintiff's duties were those normally performed by a ship's crew. Indeed, the Supreme Court has held that a worker whose duties were to clear and take care of the deck and to keep a

dredge in shape could reasonably be considered a seaman. Senko v. La Crosse Dredging Corp., *supra*.

 The fact that plaintiff was injured on the pier is of no relevance. Senko, 352 U.S. at 373, 77 S.Ct. 415. Nor is plaintiff's seaman's status denied as a matter of law because he lived, ate, and slept ashore. *Id.* at 376, 77 S.Ct. 415 (Harlan, J., dissenting). This and other arguments raised by defendant are best reserved for trial where they may be considered by the jury in making its determination of plaintiff's seaman's status.

Therefore, because a jury would be entitled to conclude that plaintiff was a member of a crew of a vessel, the motion for summary judgment will be denied.