Carolyn SEARCY, Administratrix of the Estate of William A. Searcy, Deceased, Plaintiff-Appellant,

v.

E. T. SLIDER, INCORPORATED, Defendant-Appellee.

No. 80–5498.

United States Court of Appeals, Sixth Circuit.

Argued April 19, 1982.

Decided May 27, 1982.

H. Solomon Horen, John E. Wise, Mark L. Miller, Louisville, Ky., for plaintiff-appellant.

Richard M. Trautwein, G. Kennedy Hall, Louisville, Ky., for defendant-appellee.

Before EDWARDS, Chief Circuit Judge, CONTIE, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the United States District Court for the Western District of Kentucky. This action was brought as an admiralty suit under the Jones Act, 46 U.S.C. § 688 on May 27, 1978, by the administratrix of the estate of decedent, William A. Searcy.[1] The complaint alleges the decedent's wrongful death while in the course of employment and claims entitlement of his survivors to benefits under the provisions of 46 U.S.C. § 688.

This action was originally filed in a Kentucky state court but was removed to the district court on June 16, 1978. And, upon the defendant's motion for summary judgment, the district court granted the defendant partial summary judgment finding that the plaintiff may not recover under the Jones Act but that the plaintiff may pursue her negligence action under the Longshoreman's and Harbor Workers' Compensation Act. Judgment was entered making the partial summary judgment dismissing the Jones Act claim a final appealable order.

Decedent William A. Searcy was employed by E. T. Slider, Inc., as a watchman and grounds security guard. The defendant runs a sand and gravel business along the banks of the Ohio River in Jeffersonville, Indiana. As part of this business, the defendant operates tow boats and barges along the river.

The duties of the watchman at the premises of E. T. Slider, Inc., were to watch and maintain security on the property, including the vessels moored at the dock. The job required the watchman to go on board vessels approximately once every two hours to check on and put gas into any gas pumps that were pumping water from any leaking barges. Also, for some of the barges, the job required the setting of lanterns at certain locations. The responsibilities, however, did not require the watchman to eat, sleep or reside on any vessels at any time. Further, keeping a vigil over the moored vessels constituted only a portion of the duties of the watchman.

On the night of May 30, 1977, the decedent was working as the night watchman. Early in the evening the decedent talked with Chester Crumbo, vice-president of E. T. Slider, Inc., at Jeffersonville and Mr. Crumbo mentioned to him "to keep an eye on" Barge 54 because it had leakage. Three pumps were set up on Barge 54 and decedent was asked to check on the pumps and keep them operating. There were other barges moored at the dock that night that the decedent also was watching.

Later that evening, the decedent was last seen, at about 8 o'clock, by one of appellee's

---

1. By amendment of the complaint, the plaintiff has also claimed entitlement to money damages under the theories unseaworthiness and negligence pursuant to the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b).

employees, standing near water pumps on one of the moored barges. Although the employee stated that the decedent was on board one of the moored barges, he could not remember which one.

On the morning of May 31, 1977, Barge 54, the leaking barge, was discovered in a substantially sunken condition and the decedent was missing. Later that day and for a few days thereafter, parts of decedent's body were found down river. The circumstances and cause of decedent's death are to this day unknown.

Section 688 of Title 46 provides "[a]ny seaman who shall suffer personal injury in the course of his employment may ... maintain an action for damage at law ...; and in case of the death of any seaman as a result of such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury." Although the Act does not define the term "seaman", the Sixth Circuit has stated that in determining whether a particular employee is a "seaman" the following test shall be applied: 1) is the vessel in navigation, 2) does the employee have a more or less permanent connection with the vessel, and 3) was the employee on board the vessel primarily in aid of navigation? *Nelson v. Greene Line Steamers*, 255 F.2d 31, 33 (6th Cir.), *cert. denied*, 358 U.S. 867, 79 S.Ct. 100, 3 L.Ed.2d 100 (1958); *See also Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir.), *reh. en banc denied*, 616 F.2d 568 (1980). *Whittington v. Sewer Construction Co., Inc.*, 541 F.2d 427 (4th Cir. 1976). Using virtually the same test, the Fifth Circuit has also defined the test to determine seaman status as follows:

> 1) If there is [sufficient] evidence that the injured workman was assigned permanently to a vessel ... or performed a substantial part of his work on the vessel; and 2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance

during its movement or during anchorage for its future trips.

*Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir. 1959); See also *Billings v. Chevron, U.S.A., Inc.*, 618 F.2d 1108 (5th Cir. 1980).

The district court, in deciding the defendant's motion for summary judgment, found that there is no dispute that the vessel was in navigation. The district court also stated, recognizing the broad construction given to "aid in navigation", that it could not as a matter of law find that the inspection and maintenance of the gas pumps aboard the barges and the placing of lights on the barges by a land-based employee could not constitute an aid to navigation. *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 87 (N.D.Calif.1978); *Mietla v. Warner Co.*, 387 F.Supp. 937, 939 (E.D.Pa.1975). The district court found, however, that the appellant failed to present sufficient evidence to raise a jury issue of whether the decedent was permanently connected with or performed a substantial part of his work on any of the vessels.

The appellant contends that the district court erred because the determination of whether an injured person was a "seaman" is a jury question. We agree.

 The question of seaman status within the meaning of the Jones Act is generally a question of fact to be decided by the jury. *Luckett v. Continental Engineering Co.*, 649 F.2d 441 (6th Cir. 1981); *see also, Senko v. LaCrosse Dredging Corp.*, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957). Construing the evidence in a light most favorable to the plaintiff on the motion for summary judgment, *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), we believe this case was inappropriate for dismissal on the basis that there are no genuine issues as to material facts concerning the decedent's permanent connection with the vessels moored at the defendant's dock.

The following facts might justify a jury finding that the decedent was permanently connected with the vessels: the decedent's

duties required him to keep a vigil over the vessels; the decedent's duties required him to board the vessels and to check and fill the gas pumps that bailed the leaking vessels and to check all of the moored vessels for leakage; the decedent's responsibilities required him at various times to go aboard the vessels to place lights on the barges. Further, the affidavit of Roger Lewis Allen, an employee of another company located downstream of defendant's property, with similar duties as the decedent, stated that checking eight to ten barges would occupy a substantial amount of a watchman's time. Clearly, the plaintiff's responsibilities required continued vigilance over any vessels moored at the Jeffersonville location. And, the decedent's work responsibilities connected the decedent with all such moored vessels.

Finally, we do not agree with the district court's statement that there is a general tendency to deny seaman status to land-based workers providing land-based services to docked vessels for failure to meet the "permanent connection" requirement. *Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir. 1977); *Mietla v. Warner Co.*, 387 F.Supp. 937 (E.D.Pa.1975). Liberal construction of the elements of a seaman is not just limited to the question of whether one is on board a vessel in aid of navigation. *Luckett v. Continental Engineering Co.*, 649 F.2d 441 (6th Cir. 1981). Further, the services provided by the decedent were not limited to land-based services. For example, the decedent boarded the vessels regularly through the night(s) and checked for leakage.

Accordingly, we REVERSE the decision of the district court and REMAND this case for further proceedings consistent with this opinion.