**Randy Le BLANC, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

Civ. No. 85–CV–72236–DT.

United States District Court,
E.D. Michigan, S.D.

Aug. 14, 1986.

D. Michael O'Bryan, Birmingham, Mich., for plaintiff.

Carson C. Grunewald, Detroit, Mich., for defendant.

## ORDER

COHN, District Judge.

This is an "accident on the job" case. For the reasons stated on the record on August 13, 1986 and discussed below, defendant's motion for summary judgment is GRANTED, and plaintiff's motion to file a second amended complaint is GRANTED as against defendant Norfolk and Western Railway Company only.

Plaintiff's first amended complaint alleges claims pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 et seq., the Safety Appliance Act, 45 U.S.C. § 1 et seq., the Jones Act, 46 U.S.C. § 688, and general admiralty and maritime law. An evidentiary hearing on August 13 revealed the following relevant facts. Plaintiff was employed by defendant. Defendant owned and operated a barge upon which plaintiff was injured on the night of January 29, 1985 while attempting to couple railway cars by pulling an off-centered drawbar on a railway car. The barge was moored at defendant's boatyard on the American side of the Detroit river. The barge had arrived from the Canadian side and was to be unloaded by a five-person crew working "Job No. 9." Plaintiff had been performing under this job assignment for between four and six months. A principal purpose of the Job No. 9 crew was to load and unload such barges. Each turnaround took about one hour and twenty minutes. The crew averaged three barges a night, with a goal of four. While the crew performed what may be characterized as "traditional" railroad functions at other times during the night shift, e.g., switching, plaintiff was injured while upon actual navigational waters of the United States and was injured while performing as a "conductor," with the principal responsibility of coupling railway cars on the barge.

Plaintiff's exclusive remedy is under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 et seq. (LHWCA). Defendant is an "employer" under the Act, and plaintiff clearly met both the "situs" and "status" tests, *Pennsylvania R. Co. v. O'Rourke*, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367 (1953). The 1972 amendments to the Act do not require a different result. *See Director, Office of Workers' Compensation Programs v. Perini*, 459 U.S. 297, 311–12 n. 21, 103 S.Ct. 634, 644–45, 74 L.Ed.2d 465 (1983).[*] There

---

[*] The legislative history of the 1972 amendments is unclear as to the intended effect on prior judicial interpretations of the Act. Thus, it is still for judges to determine who falls within the Act's coverage. It is said of the late Professor Uri Yadin, a famous Israeli legislative draftsman, "In his legislative drafting he ... strove to give only the essentials, without any explanatory details. This not infrequently gave rise to criticism, but he was confident in his approach, relying on the creative function of the courts. He often responded to those who demanded greater detail: the courts will determine the solution." 20 Israel L.Rev. 442 (Autumn 1985). This faith in the ability of judges finds support in the manner of judicial statutory construction in the second half of the twentieth century. Professor James Willard Hurst has written, "Courts now seem usually to strive to grasp the distinctive message of statutory words, taken in their own context, with reference to the documented process that produced that particular act, including legislative history deserving credi-

is no genuine dispute over the fact that plaintiff is not a "seaman" for purposes of the Jones Act. There is no "reasonable basis", *Senko v. LaCrosse Dredging Corp.*, 352 U.S. 370, 374, 77 S.Ct. 415, 417–18, 1 L.Ed.2d 404 (1957), upon which a jury could conclude that plaintiff was on the barge primarily in aid of navigation. *See Searcy v. E.T. Slider, Inc.*, 679 F.2d 614, 616 (6th Cir.1982); *Griffith v. Wheeling Pittsburgh Steel Corp.*, 521 F.2d 31 (3d Cir.1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976).

Plaintiff, having failed in his FELA and Jones Act claims, asks leave to file a second amended complaint against defendant pursuant to LHWCA § 905(b), and against Conrail (owner of the railway car) and either Canadian Pacific Railway Company (CP) or Canadian National Railway Company (CN) (provider of the railway car) pursuant to common law. Plaintiff is not guilty of undue delay; there is no prejudice to defendant; and the filing is not a futile gesture. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The motion is granted as to plaintiff's § 905(b) claim against defendant Norfolk and Western Railway Company. The motion is denied as to the other proposed defendants since CP was previously a party, *see Hargrove v. Louisville & N.R.R. Co.*, 153 F.Supp. 681 (W.D.Ky.1957), and there is no excuse for failing to name the Conrail or CN initially, *see* 3 *Moore's Federal Practice* ¶ 15.10, at 15–92 & n. 21 (citing cases). A second amended complaint consistent with this order shall be filed within 5 days, and the deputy clerk shall set the case for immediate trial.

SO ORDERED.

bility, and policy guides supplied by the legislature's successive development of the given poli-cy area and related areas." Hurst, Dealing With Statutes 65 (1982).