**Thomas C. DAVIS and Karen Davis**

v.

**Sedco FOREX.**

**Civ. A. No. 86–2311.**

United States District Court,
E.D. Pennsylvania.

Dec. 15, 1986.

Reconsideration Denied Jan. 9, 1987 *

* See, D.C., 660 F.Supp. 85.

Walter Z. Steinman, Michael Kopac, Philadelphia, Pa., for plaintiff.

John Biezup, Timothy J. Abeel, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This case involves an alleged injury to the plaintiff which he received while working on an movable oil rig located off the coast of Angola. A preliminary legal issue is whether the plaintiff was a "seaman" under the Jones Act. 46 U.S.C. § 688. Both sides briefed the issue.

## I. BACKGROUND

The injury allegedly occurred on board the rig Sedneth Luanda (hereinafter the "Sedneth"). *See* Exhibit A, attached to Plaintiffs' Supplemental Memorandum. At the time of the accident the Sedneth was located 30 kilometers off the coast of Angola.

The Sedneth was registered as a vessel under the flag of Liberia. (Exhibit A attached to Plaintiffs' Supplemental Memoranda). The parties do not dispute that the Sedneth is a movable offshore drilling rig which is able to move from site to site and drill in the ocean. Rigs of this type are referred to as "jack-up rigs." During drilling operations, the rig is supported by three legs which rest on the ocean floor. In order to move from site to site the rig must be floated and then towed by tug boats. In February, 1985, the rig was moved over ten miles from one drilling site to another. *See* Exhibit D to Defendant's Memorandum.

Thomas Davis served as an assistant driller on board the Sedneth. Plaintiff was aboard the Sedneth when it was moved in 1983 and 1984. Davis and his fellow crew members worked on the rig in shifts which could last up to thirty straight days. As an assistant driller, Davis took care of the mud cleaning equipment, maneuvered the drilling unit, and secured hoses. Davis deposition at 30; Todd deposition at 28. The assistant drillers also worked with the rig superintendent and the barge engineer to coordinate the moving and navigation of the rig. Atkins deposition at 24–7; Todd deposition at 26. Their duties included the watching the draft markings on the side of the hull and keeping the barge engineer informed as to how low the rig sat in the water. Brais deposition at 15–6. The assistant drillers also passed lines to the tugs and secured the lines. Davis was also charged with examining the hull to ascertain whether all the valves and plugs of the rig were secured in a watertight position. *Id.* Lastly, Davis assisted in securing the objects on the Sedneth's deck. Todd deposition at 28.

## II. DISCUSSION

At the outset, the court notes that in *Gianfala v. Texas Co.,* 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775 (1955) (per curiam decision) the Supreme Court, in a case involving an injury to a crew man working on an off-shore oil rig, reversed the decision of the Court of Appeals which had found the plaintiff not to be a seaman and directed the district court to reinstate its judgment for the plaintiff.[1]

In determining who is a seaman the Third Circuit has announced the following three-part standard:

1. The decision of the Court of Appeals in *Gianfala* is reported at 222 F.2d 382 (5th Cir.1955).

a) the ship must be in navigation;

b) there must be a more or less permanent connection between the the plaintiff and the ship;  and

c) the worker be aboard the vessel primarily to aid in navigation.

*Griffith v. Wheeling Pittsburgh Steel Corp.*, 521 F.2d 31, 36 (3d Cir.1975), *citing to* 1A *Benedict on Admiralty* § 21 (7th ed. 1973); *see also McNeill v. J.E. Brenneman Co.*, 1986 A.M.C. 2241, 2242 (E.D.Pa.1983) [Available on WESTLAW, DCTU database].

In discussing the "in navigation" requirement, the court noted that it should not be construed in a narrow manner. Rather, the "in navigation" requirement merely requires the vessel to be engaged as an instrument of commerce or transportation on navigable waters. *Griffith*, 521 F.2d at 37. The requirement is satisfied even where the vessel is moored to a pier, in a repair yard, or temporarily attached to another object. *Id.; see also McNeill*, 1986 A.M.C. at 2245; Norris, *The Law of Seamen*, (4th ed. 1985) § 30.13 n. 60 (movable offshore drilling rigs have been considered vessels).

The "aid in navigation" requirement is satisfied where the plaintiff has a long-term assignment which requires him to spend a considerable amount of time aboard a vessel and to participate in significant navigational functions. *Griffith*, 521 F.2d at 38, *discussing Mack v. Pennsylvania R.R. Co.*, 317 F.2d 761 (3d Cir.1963). Subsequently, in *Simko v. C & C Marine Maintenance Co.*, 594 F.2d 960, 964–65 (3d Cir.1979) the court stated, "the clear import of our opinion in *Griffith* is that a maritime worker who does not actually go to sea but who is injured while performing duties on a navigable vessel must establish that he performed significant navigational functions with respect to that vessel in order to recover under the Jones Act." In *Mietla v. Warner Co.*, 387 F.Supp. 937, 939 (E.D.Pa. 1975) Judge Lord noted that the requirement that a plaintiff be employed in navigation be applied liberally. "Everyone employed on a ship, including a cook, a clerk, a bartender, a ... telephone worker, a fisherman, and a musician has been held to be

a seaman." *Id. quoting Perez v. Marine Transport Lines*, 160 F.Supp. 853, 855 (E.D.La.1958); *see also McNeill*, 1986 A.M.C. at 2251 n. 13.

A review of the facts ard applicable standard reveals that Thomas Davis was a seaman at the time of his injury. First, a movable oil rig which is on the high seas clearly is considered a vessel in navigation. Second, Davis was assigned to the Sedneth for shifts which lasted up to thirty days. At the time of the accident, the Sedneth was located approximately 30 kilometers off the Angolan coast. As such, Mr. Davis was exposed to the risks which ocean going sailors traditionally have been exposed to: high seas, storms, possible collisions with other vessels. This is not a case where the plaintiff is based on *terra firma* and reports to the vessel for eight hour shifts or is stationed on the vessel for only three or four days. This court concludes that plaintiff has satisfied the second requirement: more or less permanent connection. Third, as the depositions and above discussion demonstrate, Davis participated in significant navigational functions. The Sedneth was moved three times during his tenure on the rig. The distance from drill site to drill site could be several miles. Such moves certainly cannot be compared to the "rounding" or winching of a barge or platform. *See Griffith*, 521 F.2d 31; *McNeill*, 1986 A.M.C. 2241. Thus, it appears that Davis spent not an insignificant amount of time involved in navigational matters. Furthermore, in light of the statement made in *Simko*, 594 F.2d at 964–65, the fact that Davis did not spend the majority of his time involved in navigational matters would not preclude him from being considered a seaman. This court concludes that plaintiff has satisfied the third requirement as well.

An appropriate order follows.

## ORDER

AND NOW on this 15th day of December, 1986, it is hereby Ordered that plain-

tiff Thomas Davis is deemed to be a seaman under the Jones Act.

AND IT IS SO ORDERED.