**Steven W. GALLOP, Plaintiff,**

v.

**PITTSBURGH SAND AND GRAVEL, INC., Defendant.**

**Civ. A. No. 88–151.**

United States District Court,
W.D. Pennsylvania.

Oct. 13, 1988.

Robert A. Cohen, Pittsburgh, Pa., for plaintiff.

G. Richter Taylor, Jr., Buchanan Ingersoll, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

Plaintiff was employed by defendant as a crane operator. He was assigned to the dredging platform Thaddus Carr to operate its crane while dredging operations were underway and to perform general maintenance duties at other times.

Defendant moves for summary judgment on the grounds that the evidence fails to establish plaintiff's status as a seaman under the Jones Act. Defendant accepts for the purpose of this motion that the Thaddus Carr is a vessel in navigation. Defendant contests plaintiff's claim to the status of seaman because he does not perform "significant navigational functions", because his duties as a crane operator require no significant navigational function.

The facts of this case are not in dispute and the prevailing law supports plaintiff's status.

Plaintiff and others were all members of a "crew" that was regularly assigned to the Thaddus Carr as a regular ship's complement. The person in charge was called "captain"; and another was a "deckhand." They performed the greater part of their duties aboard the vessel. They were transported to and from the vessel by a motor boat. While some crew members performed some duties ashore, these duties were generally connected with the operation of the Thaddus Carr.

Defendant stresses the fact that the injury occurred, not on the vessel, but on a dock a quarter mile distant from the vessel. Plaintiff was engaged, with three other employees of defendant, members of the same crew, in unloading screens from a pick-up truck into a power boat for transport to the Thaddus Carr.

It appears from the evidence that the persons involved in the loading operation were from the crew of the Thaddus Carr, that they were loading into the power boat screens which were necessary to the operations of the Thaddus Carr, that on other occasions plaintiff did some work ashore, possibly once a week involving bringing some supplies from shore to the Thaddus Carr, for instance supplies of drinking water. It was established that anything plaintiff did on shore was for the purpose of bringing material, supplies or equipment onto the Thaddus Carr for the purpose of facilitating what the dredge was doing.

In *Senko v. LaCrosse Dredging Corp.*, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957), the Court stated:

> Because there was testimony introduced by petitioner tending to show that he was employed almost solely on the dredge, that his duty was primarily to maintain the dredge during its anchorage and for its future trips, and that he would have a sufficient navigational function when the dredge was put to transit, we hold that there was sufficient evidence in the record to support the finding that he was a member of the dredge's crew.

*Griffith v. Wheeling Pittsburgh Steel Company*, 521 F.2d 31 (3d Cir.1975) and *Simko v. C. & C. Marine Maintenance Co.*, 594 F.2d 960 (3d Cir.1979), as well as other authorities relied upon by defendant are cases where the plaintiff was primarily a shore-based employee whose presence

aboard the vessel was incidental and related to his shore-based activities. They are inapplicable to the present action.

█] We conclude that the vessel Thaddus Carr was a vessel in navigation, that plaintiff was established as a member of the crew of that ship, and that his duties were in aid of navigation. The duties of a member of the crew are various. In "aid of navigation" is interpreted broadly.

> Everyone employed on a ship, including a cook, a clerk, a bartender, a ... telephone worker, a fisherman, and a musician have been held to be a seaman.

*Mietla v. Warner Co.*, 387 F.Supp. 937, 939 (E.D.Pa.1975).

Plaintiff was a crane operator aboard the Thaddus Carr and served in performing the principal function of that vessel, dredging. The crane was also sometimes used in moving and positioning the vessel.

Defendant raises a question as to whether plaintiff has failed to demonstrate the "unseaworthiness" of the vessel, as alleged in plaintiff's complaint, because the accident occurred on land. This is immaterial. We need only find that plaintiff was a member of the crew and engaged in his employment at the time. Whether or not he can prove "unseaworthiness" as a basis for his cause of action is not material to the issue now before us.

Defendant's Motion for Summary Judgment will be denied.

## ORDER

AND NOW, this 13th day of October, 1988, Defendant's Motion for Summary Judgment is DENIED.